NUMBER 13-02-669-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG





JOSE C. GUERRA, JR.,                                                     Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 36th District Court
of Aransas County, Texas.





MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Opinion by Justice Castillo


         A jury convicted Jose Casimiro Guerra, Jr. of failing to register as a sex
offender.


 The trial court sentenced him to five years imprisonment in the Institutional
Division of the Texas Department of Criminal Justice and fined him two thousand
dollars. Guerra appeals, arguing that the evidence is legally and factually insufficient. 
We affirm.
I. FACTS
         Guerra is a convicted sex offender. He was required to verify his registration
as a sex offender on an annual basis with local law enforcement authorities in the
municipality where he resided.


 On his release from prison on April 29, 2000, Guerra
registered as residing at 217 Dead Ends Drive, Aransas County, Texas. He verified his
registration showing that address on June 16, 2000.
         In February 2002, Matthew Baird, sex registration officer and custodian of 
registration records for the Aransas County Sheriff's Office, was contacting sex-offenders registered in the county to ensure compliance with registration requirements. 
Baird tried to contact Guerra regarding Guerra's failure to verify registration in
June 2001. Baird called the phone number provided in Guerra's registration. Baird
was told by Guerra's mother that Guerra no longer lived at her address. Baird tried to
find Guerra. He contacted Guerra's last known employer and the Aransas Pass Police
Department. He discovered another address, but it was vacant.
         On February 25, 2002, Baird contacted Guerra by telephone. Baird told Guerra
to come to the sheriff's office and verify his registration. Baird scheduled an
appointment for Guerra on February 28, 2002. Guerra failed to appear for the
appointment. Baird then filed charges against Guerra and had an arrest warrant
issued.
         On March 8, 2002, Baird received a voice message from Guerra. Guerra stated
that he had registered in another location. Baird contacted police departments in
Aransas Pass, Ingleside, and Portland to determine whether Guerra was registered in
the area. Baird could not verify that Guerra had registered as a sex offender in any
other county.
         At trial, Guerra's mother testified Guerra moved into her house at 217 Dead
Ends Drive, Aransas County, Texas, in April 2000. She added that around
February 2001, Guerra moved to the Rockporter Inn in Aransas County, where he lived
for several months. Guerra then moved to several other locations inside and outside
of Aransas County.
         Guerra challenges the legal and factual sufficiency of the evidence to support
his conviction. We turn to the standards of review. 
II. SUFFICIENCY STANDARDS OF REVIEW
A. Legal Sufficiency
         A legal-sufficiency challenge calls for appellate review of the
relevant evidence in the light most favorable to the prosecution. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Swearingen v. State, 101 S.W.3d 89, 95 (Tex.
Crim. App. 2003); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). We
consider all the evidence that sustains the conviction, whether properly or improperly
admitted or whether introduced by the prosecution or the defense, in determining the
legal sufficiency of the evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001). Similarly, in reviewing the legal sufficiency of the evidence, we
look to all of the evidence introduced during either stage of the trial. De Garmo v.
State, 691 S.W.2d 657, 661 (Tex. Crim. App. 1985).
         In a jury trial, legal sufficiency is measured against the elements of the
offense as defined by a hypothetically correct jury charge for the case. Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury
charge is one that "accurately sets out the law, is authorized by the indictment, does
not unnecessarily increase the State's burden of proof or unnecessarily
restrict the State's theories of liability, and adequately describes the particular
offense for which the defendant was tried." Id. A hypothetically correct
jury charge would not simply quote from the controlling statute. Gollihar v.
State, 46 S.W.3d 243, 254 (Tex. Crim. App. 2001). Its scope is limited by "the
statutory elements of the offense . . . as modified by the charging instrument." Fuller
v. State, 73 S.W.3d 250, 254 (Tex. Crim. App. 2002) (Keller, J., concurring); Curry
v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). When a statute lists more
than one method of committing an offense, and the indictment alleges some, but not
all, of the statutorily listed methods, the State is limited to the methods alleged. 
Fuller, 73 S.W.3d at 255; Curry, 30 S.W.3d at 404. This standard of legal sufficiency
ensures that a judgment of acquittal is reserved for those situations in which there is
an actual failure in the State's proof of the crime. Malik, 953 S.W.2d at 240. We
then determine if any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson, 443 U.S. at 319;
Johnson, 23 S.W.3d at 7. 
         If we reverse a criminal case for legal insufficiency following a jury trial, we
reform the judgment to reflect conviction for a lesser offense only if: (1) we find that
the evidence is sufficient to support conviction of the lesser offense; and (2) a jury
charge on the lesser offense was either submitted or requested but denied. Collier v.
State, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999) (plurality op.) (discussing
circumstances under which court of appeals may reform judgment following jury trial
to reflect conviction for lesser offense); Bigley v. State, 865 S.W.2d 26, 27-28 (Tex.
Crim. App. 1993) (clarifying same). Otherwise, we vacate the judgment of conviction
for legal insufficiency and order a judgment of acquittal. Swearingen, 101 S.W.3d
at 95. 
B. Factual Sufficiency
         We also measure the factual sufficiency of the evidence against a 
hypothetically correct jury charge, as modified by the charging instrument. Adi v.
State, 94 S.W.3d 124, 131 (Tex. App.—Corpus Christi 2002, pet. ref'd). We are
constitutionally empowered to review the judgment of the trial court to determine the
factual sufficiency of the evidence used to establish the elements of the charged
offense. Johnson, 23 S.W.3d at 6. In determining the factual sufficiency of the
elements of the offense, we view all the evidence neutrally, not through the prism of
"the light most favorable to the prosecution." Id. at 6-7 (citing Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996)). We set aside a finding of guilt only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Id. at 7. A clearly wrong and unjust finding of guilt is "manifestly
unjust," "shocks the conscience," or "clearly demonstrates bias." Rojas v.
State, 986 S.W.2d 241, 247 (Tex. Crim. App. 1998). 
         In conducting a factual-sufficiency review, we review the fact finder's weighing
of the evidence. Johnson, 23 S.W.3d at 7 (citing Clewis, 922 S.W.2d at 133). We
review the evidence that tends to prove a material disputed fact and compare it with
evidence that tends to disprove it. Johnson, 23 S.W.3d at 7. We are authorized to
disagree with the fact finder's determination. Id. However, we approach a factual-sufficiency review with appropriate deference to avoid substituting our judgment for
that of the fact finder. Id. Our evaluation should not intrude substantially on the fact
finder's role as the sole judge of the weight and credibility given to witness
testimony.  Id. 
         We always remain aware of the fact finder's role and unique position, a position
we are unable to occupy. Id. at 9. Exercise of our authority to disagree with the fact
finder's determination is appropriate only when the record clearly indicates our
intervention is necessary to stop manifest injustice. Id. Otherwise, we accord due
deference to the fact finder's determinations, particularly those concerning the weight
and credibility of the evidence. Id. 
         Every fact need not point directly and independently to the accused's guilt. 
Vanderbilt v. State, 629 S.W.2d 709, 716 (Tex. Crim. App. 1981). A finding of guilt
can rest on the combined and cumulative force of all the incriminating circumstances.
Id. We reverse a judgment of conviction only if: (1) proof of guilt is so obviously
weak as to undermine confidence in the fact finder's determination; or (2) proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary proof. 
Swearingen, 101 S.W.3d at 97. Which standard applies generally depends on
whether the complaining party had the burden of proof at trial. Zuliani v.
State, 97 S.W.3d 589, 593 (Tex. Crim. App. 2003). If the accused did not have the
burden of proof at trial, then the first or "manifestly unjust" standard applies. Id. If the
accused had the burden of proof at trial, then the second or "against the great weight
and preponderance" standard applies. Id. 
         In conducting a factual-sufficiency review in an opinion, we "show
our work" when we consider and address the appellant's main argument for
urging insufficiency of the evidence. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003); Goodman v. State, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001);
Johnson, 23 S.W.3d at 9; Manning v. State, 112 S.W.3d 740, 747 (Tex.
App.–Houston [14th Dist.] 2003, no pet. h.); see Tex. R. App. P. 47.1. This practice
benefits the parties, maintains the integrity of the justice system, and improves
appellate practice.  Sims, 99 S.W.3d at 603; Manning, 112 S.W.3d at 747. If we
reverse a criminal case for factual insufficiency, we vacate the judgment of conviction. 
Clewis, 922 S.W.2d at 133-34. We remand for a new trial a criminal case reversed
for factual insufficiency, so a second fact finder has the chance to evaluate the
evidence. Swearingen, 101 S.W.3d at 97. 
III. APPLICABLE LAW
A. The Sex-Offender Registration Statute
         Article 62.10(a) of the Texas Code of Criminal Procedure provides that it is an
offense if a person required to register as a sex offender fails to comply with any
requirements in chapter 62. Tex. Code Crim. Proc. Ann. art. 62.10(a) (Vernon
Supp. 2003). Chapter 62 sets out a number of situations under which a convicted sex
offender must register. Specifically, article 62.04(a) provides:
If a person required to register intends to change address, regardless of
whether the person intends to move to another state, the person shall,
not later than the seventh day before the intended change, report in
person to the local law enforcement authority with whom the person last
registered and to the juvenile probation officer, community supervision
and corrections department officer, or parole officer supervising the
person and provide the authority and the officer with the person's
anticipated move date and new address. If a person required to register
changes address, the person shall, not later than the seventh day after
changing the address, report in person to the local law enforcement
authority in the municipality or county in which the person's new
residence is located and provide the authority with proof of identity and
proof of residence. 

Tex. Code Crim. Proc. Ann. art. 62.04(a) (Vernon Supp. 2003). 
B. "On or About" Allegation of Date of Offense
         Unless the date is a material element of an offense, it is not necessary for an
indictment to specify the precise date on which the charged offense occurred. See
Garcia v. State, 981 S.W.2d 683, 685-86 (Tex. Crim. App. 1998). The primary
purpose of specifying a date in the indictment is not to notify the accused of the date
of the offense. Id. Rather, the purpose of providing a date is to show that the
prosecution is not barred by the statute of limitations. Id. When an indictment alleges
that a crime occurred "on or about" a certain date, the State may prove an offense
"with a date other than the one specifically alleged so long as the date is anterior to
the presentment of the indictment and within the statutory limitation period and the
offense relied upon otherwise meets the description of the offense contained in the
indictment." Yzaguirre v. State, 957 S.W.2d 38, 39 (Tex. Crim. App. 1997) (quoting
Sledge v. State, 953 S.W.2d 253, 256-57 (Tex. Crim. App. 1997)). 
IV. THE INDICTMENT
         The indictment alleged that Guerra: 
on or about the 16th day of June A.D., 2001 and anterior to the
presentment of this indictment, in the County and State aforesaid, did
then and there, while being a person required to register with the local
law enforcement authority in the county where the defendant resided or
intended to reside for more than seven days, to-wit, Aransas County,
because of a reportable conviction for Sexual Assault, intentionally,
knowingly, or recklessly fail to register with the local law enforcement
authority in said county, to wit: Aransas County Sheriff's Department.

V. SUFFICIENCY ANALYSIS
A. Legal Sufficiency
         Viewing the evidence in the light most favorable to the prosecution and
measuring it against a hypothetically correct jury charge as modified by the indictment,
the record shows that Guerra properly verified his registration in Aransas County in
June 2000 but does not show that he verified his registration at any time thereafter. 
The absence of a record indicating verification of Guerra's registration after June 2000
is sufficient proof that Guerra failed to do so. See Tex. R. Evid. 803(10); see also
Hampton v. State, 109 S.W.3d 437, 441 n.3 (Tex. Crim. App. 2003) (absence of
public record may be evidence where one would expect to find document within
repository if it existed).  Further, we find evidence in the record that in February 2001,
Guerra moved from 217 Dead Ends Drive in Aransas County to the Rockporter Inn,
also in Aransas County. The record also shows he resided at the Rockporter Inn for
several months before moving again. 
         Article 62.04 required Guerra to report to local law enforcement authority seven
days before changing addresses and seven days afterward. See Tex. Code Crim. Proc.
Ann. art. 62.04(a) (Vernon Supp. 2003). The State showed that Guerra did not verify
his address changes within seven days, either before or after he moved in
February 2001. 
         Guerra argues that the State did not prove he resided in Aransas County on or
about June 16, 2001. The offense proved by the State – that Guerra did not register
his address changes in February 2001 and thereafter – conformed with the allegations
in the indictment, remained within the statute of limitations, and occurred before the
presentment of the indictment. See Yzaguirre, 957 S.W.2d at 39. Accordingly, we
hold the evidence legally sufficient to establish that Guerra failed to register with local
law enforcement authority within seven days of moving to a new address in Aransas
County. 
B. Factual Sufficiency
         In our factual-sufficiency analysis, we view all the evidence neutrally, favoring
neither the prosecution nor the defense, and measure it against a hypothetically correct
jury charge as modified by the indictment. Johnson, 23 S.W.3d at 6-7; Adi,
94 S.W.3d at 131. In addition to the evidence recited above in our legal-sufficiency
analysis, Guerra testified during the punishment phase of trial that "I feel that I didn't
break the law here. I wasn't in the country when they said I should have been, so I
want to appeal it." Guerra's absence from the country, even if true, did not absolve
him of the requirement that he report seven days before he left. See Tex. Code Crim.
Proc. Ann. art. 62.04(a) (Vernon Supp. 2003). We cannot conclude that the State's
proof of Guerra's guilt is so obviously weak as to undermine confidence in the fact
finder's determination. See Zuliani, 97 S.W.3d at 593. Viewing the evidence
neutrally, we hold the evidence factually sufficient to support the conviction. See
Johnson, 23 S.W.3d at 6. 

VI. CONCLUSION
         Having overruled Guerra's sole issue on appeal, we affirm the judgment of the
trial court.  
                                                                        ERRLINDA CASTILLO
                                                                        Justice
 
Concurring opinion by Justice Yañez.
Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 29th day of January, 2004.
 
**********************************************************









NUMBER 13-02-669-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

JOSE C. GUERRA, JR.,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                       
On appeal from the 36th District Court of Aransas County, Texas.
                                                                                                                      

CONCURRING MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Opinion by Justice Yañez
 
 
          I must concur in the result reached by the majority because the appellant failed to
preserve any error relating to the indictment.
          The indictment vaguely alleged that appellant failed to register as a sex offender in
Aransas County as is required of him by statute. See Tex. Code Crim. Proc. Ann. art.
62.02 (Vernon Supp. 2004). That allegation is simply not a sufficient description of the
case here. In fact, appellant was registered as a sex offender with the appropriate
authority in Aransas County as of June 2000. However, he did change addresses within
the county without notifying appropriate authorities in February of 2001. See Tex. Code
Crim. Proc. Ann. art. 62.04 (Vernon Supp. 2004). Thus, appellant failed to comply with
his statutory sex offender registration requirements, as the jury charge, jury verdict, and
judgment correctly assert. See Tex. Code Crim. Proc. Ann. art. 62.10 (Vernon Supp.
2004). The appellant did not completely fail to register as a sex offender in Aransas
County at all, as the indictment appears to allege.


 Nevertheless, appellant waived
possible errors in the indictment relating to vagueness, lack of notice, and the alleged date
for our review by failing to timely object. See Tex. Code. Crim. Proc. Ann. art. 1.14(b)
(Vernon Supp. 2004); Le v. State, 963 S.W.2d 838, 842 (Tex. App.–Corpus Christi 1998,
pet. ref’d) (“If a defendant fails to object to a defect in an indictment or information before
trial, that defendant may not complain about such defect on appeal.”).

                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice


Do not publish. Tex. R. App. P. 47.2(b).

Concurring opinion delivered and filed this
the 29th day of January, 2004.