NO. 07-06-0159-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 16, 2006


______________________________



CRAE ROBERT PEASE, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY;



NO. 683,894; HON. BILL BENDER, PRESIDING


_______________________________



Memorandum Opinion


______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Crae Robert Pease (appellant) appeals his conviction for possessing marijuana. He
contends that it should be reversed because the evidence is legally and factually
insufficient to sustain it. We overrule the contentions and affirm the judgment.

 Background 

 On November 3, 2004, at approximately 1:00 a.m., police officer Kelly Gutierrez
observed a truck speed past her as she traveled down a street in Austin. She estimated
that the truck was traveling 80 m.p.h. in a 40 m.p.h. zone. So too did she see it drift into
another lane of traffic. Gutierrez pursued the vehicle with her emergency lights and air
horn engaged, but the driver (appellant) did not stop. Instead, he turned onto another
street and pulled into the driveway of a house. As the officer approached the truck, a
female exited from the passenger's side of it and walked towards the house. Appellant
exited from the driver's side and attempted to walk away despite the officer's directives for
him to stop. Due to appellant's disobedience, the officer proceeded to physically detain
him. He became belligerent and smelled of alcohol. So too did he exhibit slurred speech,
difficulty walking, and dilated eyes. Consequently, the officer arrested him for driving while
intoxicated, reckless driving, and evading arrest. 

 Searching the truck incident to the arrest, the officer found a small baggy of
marijuana. Containing .08 ounces of the contraband, it lay on the driver's side floorboard
in plain view and within reach of the driver. Also found in the center console of the truck
was a pipe containing "residue." (1) The discovery of the marijuana and pipe led to
appellant's prosecution for possessing a controlled substance. 

 Law and Its Application

 Appellant contends the evidence was legally and factually insufficient to show the
necessary affirmative links to prove he had knowledge or control of the marijuana. The
applicable standards of review are found in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.
2781, 61 L.Ed.2d 560 (2979), Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004),
Zuliani v. State, 97 S.W.3d 589 (Tex. Crim. App. 2003), and King v. State, 29 S.W.3d 556
(Tex. Crim. App. 2000), and we need not repeat them.

 Next, one may not be convicted of possessing a controlled substance unless he 1)
exercised actual care, control, or custody of it, 2) was conscious of his connection with it,
and 3) knew what it was. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 
The courts have delineated numerous factors that are useful in deciding whether the
accused's link to the contraband was more than mere fortuity and, thus, culpable. 
Furthermore, the number of these factors present is not as important as the degree to
which they tend to affirmatively link the defendant to the contraband. Wallace v. State, 932
S.W.2d 519, 524 (Tex. App.-Tyler 1995, pet. ref'd). The factors tying appellant to the
contraband at issue are its location on the driver's side floorboard, its close proximity to
appellant while he drove the vehicle, his ability to handle it given its proximity, its open and
obvious observability, the discovery adjacent to the driver's seat of paraphernalia (the pipe)
with which the marijuana could be smoked, appellant's operation or control over the truck
immediately prior to the officer's discovery of the drugs, and appellant's effort to avoid
apprehension. This constitutes ample circumstantial evidence upon which a rational jury
could infer, beyond reasonable doubt, that appellant exercised care, custody, and control
of the marijuana and knew of its nature and presence. Thus, the evidence was legally
sufficient to support conviction. And, while appellant fails to fully explain in depth why he
believed that the evidence was factually insufficient to do so, we nonetheless hold that its
quantum was ample to satisfy that standard as well. Again, it does not matter if less than
all the factors considered in assessing an accused's nexus to the drugs are present. All
that matters is that those which are present suffice to support guilt. They do here, and they
are neither weak nor outweighed by other evidence indicative of no link. 

 Accordingly, the judgment is affirmed.


 Per Curiam

Do not publish. 

 

 
1. Of what the residue consisted went unexplained.



pan>The trial court ordered that the two periods of community supervision
would run concurrent.
          In January 2008, the State filed motions to revoke Appellant’s community
supervision in Cause Nos. 5022 and 5076


 alleging Appellant violated the terms and
conditions of his community supervision in each case by using a controlled
substance–methamphetamine. On April 4, 2008, the trial court held a hearing on the
State’s motions and revoked Appellant’s community supervision. The trial court sentenced
Appellant to confinement under two, ten year sentences to run concurrently. Appellant
appealed. We consolidated these appeals because the circumstances underlying the trial
court’s revocation of Appellant’s community supervision is the same in both cases. 
          Appellant’s first four points of error can be distilled to a single issue, i.e., whether the
trial court abused its discretion by finding the State produced sufficient evidence to show
that Appellant knowingly and intentionally consumed methamphetamine on or about
December 6, 2007. Appellant’s fifth point of error asks whether the trial court abused its
discretion by permitting the State’s witness to compare two sets of fingerprints in order to
identify Appellant as the person convicted of forgery in 2003 for punishment purposes. We
affirm.



Background
          In Cause Nos. 5022 and 5076, the State filed motions to revoke Appellant’s
community supervision because he used a controlled substance “on or about December
6, 2007" in violation of his Orders of Community Supervision. Condition Twelve of
Appellant’s Orders of Community Supervision required him to abstain from the use of
narcotics or any controlled substance in any form and at any time, unless taken under the
direction of a physician. 
          At the hearing, Marcy Mills, a probation officer for the 100th Judicial District Adult
Probation Department, testified that, on December 3, 2007, Appellant reported in
accordance with the terms of his Orders of Community Supervision. At her request, Gary
Martin, a probation officer, obtained a urine sample from Appellant and submitted the
sample for testing.
          Dr. John Laseter, Laboratory Director for Accu-Chem Laboratories, testified that
Appellant’s urine sample tested positive for amphetamine and methamphetamine. On
cross-examination, he also testified that a sample taken on December 3, 2007, could not
be tested to determine whether an individual had consumed amphetamines on December
6, 2007.
          Deputy Danny Gillem, Chief Deputy for the Childress County Sheriff’s Department, 
compared Appellant’s fingerprints taken the day of the hearing with a fingerprint on a
judgment of conviction on a forgery offense issued on March 24, 2003, and opined that the
fingerprint on the judgment was Appellant’s fingerprint. Deputy Gillem also testified that
he had been with the Childress County Sheriff’s Department three years and, during that
time, had completed forty hours of basic and intermediate study in fingerprint comparison
courses. He also compared fingerprints for the Sheriff’s Department using a computerized
fingerprint retrieval system. This was the first time that Deputy Gillem testified in court.
          At the conclusion of the hearing, the trial court determined that Appellant had
violated the terms of his community supervision, whereupon the court revoked his 
community supervision in Cause No. 5022, revoked his deferred adjudication in Cause No.
5076, adjudicated him guilty of the offense charged in Cause No. 5076, and then
proceeded to sentence him to two, ten year sentences to run concurrently. In addition, the
trial court fined Appellant $1500. Thereafter, Appellant appealed.
Discussion
          Appellant contends the State failed to establish he had consumed
methamphetamine, on or about December 6, 2007, because the State’s only evidence was
a sample taken on December 3, 2007, and tested December 6, 2007. Appellant next
asserts the trial court abused its discretion by permitting Deputy Gillem to offer an opinion
on fingerprint comparison because he was not qualified by the State as an expert.
           I.        Standard of Review
          A probation revocation proceeding is neither a criminal nor a civil trial, but is rather
an administrative proceeding. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993).
In a revocation proceeding, the State bears the burden to prove its allegations by a
preponderance of evidence. Id. at 874. When reviewing an order revoking community
supervision, the sole question before this Court is whether the trial court abused its
discretion. Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); Cardona v. State,
665 S.W.2d 492 (Tex.Crim.App. 1984). In determining the sufficiency of the evidence to
sustain a revocation, we view the evidence in the light most favorable to the trial court’s
ruling, Jones v. State, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979), while recognizing that
the trial court determines the credibility of the witnesses. Garrett v. State, 619 S.W.2d 172,
174 (Tex.Crim.App. 1981).
          II.       Methamphetamine Consumption
          When an indictment alleges a crime occurred “on or about” a particular date, the
State may prove the offense occurred on a date other than the date specifically alleged in
the indictment so long as the date is anterior to the presentment of the indictment and
within the statutory limitation period. Sledge v. State, 953 S.W.2d 253, 256 (Tex.Crim.App.
1997). The primary purpose of specifying a date “is not to notify the accused of the date
of the offense.” Garcia v. State, 981 S.W.2d 683, 686 (Tex.Crim.App. 1998). Rather, the
date is intended to show that the prosecution is not barred by the statute of limitations and
provide the defendant with sufficient notice to prepare an adequate defense. Id. 
          Here, Appellant tested positive for methamphetamine consumption that occurred
anterior to the date specified in the State’s motion to revoke. Moreover, evidence of a
positive urine sample is sufficient to establish that Appellant failed to abstain from use of
a controlled substance as required by his Orders of Community Supervision. See Stevens
v. State, 900 S.W.2d 348, 352 (Tex.App.–Texarkana 1995, pet. ref’d). Hence, we find that
the trial court did not abuse its discretion in finding that Appellant had violated the terms
and conditions of his community supervision and overrule Appellant’s first four points of
error.
          III.      Fingerprint Comparison
           We also review a trial court’s decision to admit or exclude evidence for abuse of
discretion, Page v. State, 213 S.W.3d 332, 337 (Tex.Crim.App. 2006), and “will uphold a trial
court’s ruling on admissibility of evidence as long as the trial court’s ruling was at least within
the zone of reasonable disagreement.” Id. See Hernandez v. State, 205 S.W.3d 555, 558
(Tex.App.--Amarillo 2006, pet. ref’d). Given Deputy Gillem’s qualifications, supra at p. 3, we
cannot say that the trial court ventured outside the zone of reasonable disagreement by
permitting Deputy Gillem to render an opinion based upon the comparison of two sets of
fingerprints. 
           Accordingly, Appellant’s fifth point of error is overruled.                  
Conclusion
          We affirm the judgments of the trial court. 

          





                                                                           Patrick A. Pirtle 

                                                                                 Justice 



Do not publish.