## BILL GILLIAM V. THE STATE.

No. 22358. Delivered January 13, 1943.

The opinion states the case.

*W. E. Martin,* of Abilene, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

It is charged by complaint and information herein that appellant did allure, procure, invite and solicit a female to visit and be at a particular house, room or place in Abilene, Taylor County, Texas, for the purpose of meeting and having unlawful sexual intercourse with a male person, the punishment being a fine of $50.00 and a jail sentence of thirty days.

This complaint and information is in the same condition as that in our No. 22,360, Jep Staggs v. State, this day decided, (Page 263 of this volume) in that nowhere therein is set forth the name of the female thus alleged to have been allured, invited or procured to be at a place for the purpose of having sexual intercourse with a male person. It should be readily seen that possibly appellant, a taxicab driver, could have been

engaged in the above denounced activities with other female persons than the one who testified in this cause, and it seems to be axiomatic that in order that he might not again be placed in jeopardy for his activities with this State's witness, Patsy Scroggins, the complaint and information should have set forth the offense in plain and intelligible words,—Art. 396, Sec. 7, C. C. P., with the certainty that would enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense,—Art. 398, C. C. P.,— and we think the pleader should have set forth therein the name of such female person thus alleged to have been procured, etc. This the pleadings failed to do, and on account of such failure this judgment is reversed and the prosecution ordered dismissed.