JEP STAGGS V. THE STATE.

No. 22360. Delivered January 13, 1943.

The opinion states the case.

*W. E. Martin,* of Abilene, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted by a jury of procuring a female person to be at a place for the purpose of sexual intercourse with male persons, and was assessed a penalty of a fine of $50.00 and to serve thirty days in jail. From this judgment he appeals.

It is shown by the proof that appellant picked up a woman in Abilene and took her out to a tourist camp, where he rented a cabin for her, with the understanding and agreement that if he found any men who desired to have a date with a woman he would bring such men to this woman at this cabin.

It appears that appellant was a taxicab driver and thought it would be in furtherance of his business as such if he had a woman to whom he could drive male persons desirous of obtaining her services for sexual purposes. Appellant admitted that such was his purpose while on the witness stand.

There is but one question raised in the record, and that relates to the sufficiency of the complaint and information, the portion complained of being as follows: That "Jep Staggs did then and there unlawfully allure, solicit, invite, and procure a female to be at a certain house, room, or place near Abilene, in Taylor County, Texas, to have unlawful sexual intercourse with men."

We think the pleadings of the State should have set forth the name of the female thus invited, allured, solicited and procured otherwise appellant, who might have been engaged in other procurements of a like character, would not be put on notice as to which offense he was being placed upon trial, and as to which female he was charged with thus procuring. We think this is elementary.

For a failure to allege the name of the female claimed to have been procured, this judgment is reversed and the prosecution ordered dismissed.