Orin **MOORE**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 44374.

Court of Criminal Appeals of Texas.

Dec. 7, 1971.

Leo N. Duran, Corpus Christi (Court appointed), for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for felony theft where the punishment was assessed at 5 years.

We are confronted at the outset with appellant's complaint that the trial court erred in overruling his motion to quash the indictment which alleged that he "did then and there unlawfully and fraudulently take tires of the value of over $50.00"; it being his contention that the allegation is not set forth in plain and intelligible language as required by Article 21.02, Sec. 7, Vernon's Ann.C.C.P., and does not sufficiently describe the property taken as to number, kind, etc.

It is, of course, not sufficient to say [1] that the accused knew with what offense he was charged, but the inquiry must be whether the charge in writing furnished that information in plain and intelligible language. Garber v. State (1942) 145 Tex.Cr.R. 44, 165 S.W.2d 741. An offense should be charged in plain and intelligible words with such certainty as to enable the accused to know what he will be called upon to defend against and to enable him to plead the judgment that may be given on it in bar of any prosecution for the same offense. Gilliam v. State (1943) 145 Tex.Cr.R. 242, 167 S.W.2d 528. See also 55 Tex.Jur.2d, Theft, Sec. 109, p. 373.

1. It is observed that the State has filed no appellate brief in this cause.

Article 21.09, V.A.C.C.P., reads in part as follows:

"When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, if known, shall be sufficient. * * *"

In Matthews v. State, 39 Tex.Cr.R. 553, 47 S.W. 647; 39 Tex.Cr.R. 553, 48 S.W. 189, a case decided under a forerunner of the present statute, this court called attention to the fact that our practice had been more liberal with reference to a general description than was the common law and said:

"But we know of no case in this state that holds an indictment sufficient which does not in some way designate the number of things or animals alleged to have been stolen; and we hold that, if any case could be found, it would not be supported by authority."

In Luce v. State (1920) 88 Tex.Cr.R. 46, 224 S.W. 1095, it was held that a description of property which is merely a classification, without stating the number and kind of property, is insufficient. And in Scott v. State (1934) 125 Tex.Cr.R. 396, 67 S.W.2d 1040, it was held that an indictment charging embezzlement of "certain lubricating oil" but not describing quantity or kind of oil was insufficient. See also 5 Branch's Ann.P.C., 2d ed., Sec. 2611, pp. 61, 62.

In Oakley v. State (1959) 167 Tex.Cr.R. 630, 323 S.W.2d 43, the indictment alleged the defendant did "fraudulently take seed of the value in excess of $50.00." There this court held that the description of the property taken contained in the indictment was so fundamentally defective as to require reversal even though there was no motion to quash. Luce v. State, supra; Scott v. State, supra; Howk v. State, 138 Tex.Cr.R. 275, 135 S.W.2d 719; Leos v. State, 155 Tex.Cr.R. 478, 236 S.W.2d 817, were cited with approval. Cf. Mankin v. State (Tex.Cr.App.1970) 451 S.W.2d 236, 241. We are aware of the holding in Young v. State (1940) 139 Tex.Cr.R. 509, 141 S.W.2d 315 that "one automobile tire" was a sufficient description and that "one tire of the value of ten dollars" and "one wheel of the value of ten dollars" were held an adequate description of stolen property alleged in the information in Hendley v. State (Tex.Cr.App.1958), 313 S.W.2d 296. These cases indicate our rather liberal practice as to allegations concerning property description.

In the instant case, however, neither the number or the kind of tires was alleged.

Therefore we conclude that the instant indictment charging only that the appellant took "tires of value of over $50.00" was fundamentally defective and the court erred in overruling the motion to quash.

It is further observed that the printed form of the indictment used does not aver that the property was taken without the consent of the alleged owner. It is well established that "[a]n indictment for theft is bad if it fails to allege that the property was taken without the consent of the alleged owner." 5 Branch's Ann.P.C., 2d ed., Sec. 2638, p. 86.

In the event of a re-trial, it is suggested that if the same objection is urged as to the admissibility of the appellant's confession the court, in the jury's absence, should conduct a separate hearing to determine the voluntariness of the same and make his findings of fact and conclusions of law as required by Article 38.22, V.A.C.C.P.; Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; Figueroa v. State, Tex.Cr.App., 473 S.W.2d 202.

For the reasons stated, the judgment is reversed and cause dismissed.