Arnoldo Roberto GARCIA, Appellant,

v.

The STATE of Texas.

Nos. 1176–95 to 1178–95.

Court of Criminal Appeals of Texas, En Banc.

Dec. 2, 1998.

---

5.   908 S.W.2d at 418–419.

Larry Zinn, San Antonio, for appellant.

John A. Olson, Asst. Dist. Atty., Brownsville, Matthew Paul, State's Atty., Austin, for State.

## OPINION

MANSFIELD, Judge, delivered the opinion of the Court, in which McCORMICK, P.J., and KELLER, PRICE, and WOMACK, JJ., joined.

The Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation."[1] Article I, § 10, of the Texas Constitution provides that, "[i]n all criminal prosecutions the accused ... shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof." The cases at bar present the question whether appellant, Arnoldo Roberto Garcia, was denied these basic constitutional guarantees.

### The Relevant Facts

On April 28, 1993, a Cameron County grand jury returned three indictments in the 197th District Court charging appellant with three counts of indecency with a child. Each indictment contained a single count and alleged that, "on or about" a specified date, appellant had committed the offense by touching the genitals of a female child, M____ N____.[2] See Tex. Penal Code § 21.11(a)(1). The three "on or about" dates specified in

---

1. This right was made applicable to state prosecutions by the Due Process Clause of the Fourteenth Amendment. *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 1067–1068, 13 L.Ed.2d 923 (1965).

2. One indictment also alleged, in separate paragraphs, that appellant had committed the offense in other ways with the same victim, but the State abandoned those paragraphs before the cases went to the jury at the guilt/innocence stage.

the indictments were October 5, 1987; August 15, 1989; and May 15, 1990. The three cases were later consolidated for trial. See Tex. Penal Code § 3.02.

Shortly before trial began, appellant filed written motions in the District Court excepting to the form of the indictments and asking that they be quashed. See Tex.Code Crim. Proc. art. 27.09(2). In the motions, appellant noted correctly that, "when an indictment alleges that an offense occurred 'on or about' a particular date, the State is not bound by the date alleged, and may prove any offense of the character alleged, within the period covered by the applicable statute of limitations." See *Sledge v. State*, 953 S.W.2d 253, 255–256 (Tex.Crim.App.1997); *Mireles v. State*, 901 S.W.2d 458, 459 (Tex.Crim.App. 1995) (plurality opinion). Appellant then argued, in relevant part, that "[t]he failure of [each] indictment to specify a more exact date for [the] commission of the offense deprive[d] him of the right of adequate notice of the true nature and cause of the accusation against him," in violation of, among other things, the Sixth Amendment and Article I, § 10. Appellant argued further that "the indictment[s] must be pleaded with sufficient certainty in order for [any resulting] judgment[s] to serve as a bar to subsequent prosecutions for the same conduct." See Tex.Code Crim. Proc. art. 21.04.[3] For relief, appellant asked the District Court "to order the indictment[s] ... dismissed, and to order the State to replead their cause with a date certain [or] plead that the offense[s] occurred within ... more specific time interval[s]."

The District Court denied appellant's motions during a pretrial hearing, and the jury later found appellant guilty under all three indictments. The District Court assessed appellant's punishment at imprisonment for ten years for each offense, with the sentences to run concurrently.

On appeal, appellant argued that the trial court had erred in denying the motions to quash because the indictments had "failed to provide sufficient notice of the date of the alleged offenses, [thereby depriving appellant of] adequate notice of the time periods for which he needed to defend." Appellant made no argument, however, based upon Article 21.04.

The Thirteenth Court of Appeals held that the trial court had not erred in denying the motions to quash, explaining that "[t]he alleged 'on or about' dates—October 5, 1987, August 15, 1989, and May 15, 1990—sufficiently put appellant on notice to prepare for proof that the offenses happened at any time" within the statute of limitations period. *Garcia v. State*, 907 S.W.2d 635, 636 (Tex. App.—Corpus Christi 1995). We granted appellant's petition for discretionary review to determine whether, in light of the Sixth Amendment and Article I, § 10, the Court of Appeals had erred. See Tex.R.App. Proc. 66.3(b).

*Analysis*

Both the Sixth Amendment and Article I, § 10, require that a defendant be given notice before trial of the "nature and cause" of the accusation against him, and require further that the notice be given with sufficient clarity and detail to enable the defendant to anticipate the State's evidence and prepare a proper defense to it. See *Eastep v. State*, 941 S.W.2d 130, 132 (Tex. Crim.App.1997). Under Article I, § 10, the requisite notice must come from the face of the charging instrument. *Ibid.* Thus, an indictment must allege, in plain and intelligible language, all the facts and circumstances necessary to establish all the material elements of the offense charged. *Bynum v. State*, 767 S.W.2d 769, 779 (Tex.Crim.App. 1989); *Zweig v. State*, 74 Tex.Crim. 306, 171 S.W. 747, 753 (Tex.Crim.App.1914).

Must an indictment specify the precise date when the charged offense occurred, or at least a narrow window of time within which it must have occurred, in order to

---

3. Article 21.04 provides: "The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." This statutory requirement of "certainty" in an indictment is distinct from, and independent of, the constitutional requirement of adequate notice. See G. Dix & R. Dawson, *Texas Criminal Practice and Procedure* § 20.104 (1995); 2 W. LaFave & J. Israel, *Criminal Procedure* § 19.2(b) at 445–446 (1984).

satisfy the constitutional notice requirement? We hold that the answer is "no," and we do so for three reasons. First, time is not a material element of an offense (at least, not usually).[4] *O'Connell v. State,* 18 Tex. 343, 366 (1857). Second, the primary purpose of specifying a date in the indictment is not to notify the accused of the date of the offense but rather to show that the prosecution is not barred by the statute of limitations. *Presley v. State,* 60 Tex.Crim. 102, 131 S.W. 332, 333 (Tex.Crim.App.1910). Third, it may be impossible for the State to know precisely, or even approximately, when the charged offense occurred. See *Sledge v. State,* 953 S.W.2d at 256, n. 8. Thus, we reaffirm our prior holdings that it is not error, constitutional or otherwise, for an indictment to allege an "on or about" date for the charged offense. See, *e.g., Presley v. State,* 131 S.W. at 333; *State v. Elliot,* 34 Tex. 148, 151 (1870). Such an indictment will, except in rare instances, provide an accused with notice adequate to enable him to prepare a proper defense. In the unlikely event that the defendant is unfairly surprised at trial by evidence fixing the date of the offense very differently from that specified in the indictment, then "he should for that reason ask for a postponement that he might obtain evidence to meet the charge as made by the testimony." *Lingenfelter v. State,* 73 Tex. Crim. 186, 163 S.W. 981, 983 (Tex.Crim.App. 1914). Accord, A. Scott, *Fairness in Accusation of Crime,* 41 Minn. L.Rev. 509, 532 (1957).

We hold that the Court of Appeals did not err in holding that the District Court did not err in denying appellant's motions to quash. We affirm the judgment of the Court of Appeals.

KELLER, J., also filed a concurring opinion in which WOMACK, J., joined.

MEYERS, J., filed an opinion concurring in the judgment of the Court.

HOLLAND, J., concurred in the judgment of the Court.

BAIRD, J., filed a dissenting opinion.

OVERSTREET, J., dissented.

KELLER, Judge, concurring.

I join the majority opinion. In my view, any Due Process concern that might be posed by an indictment that covers a large period of time can be addressed through a continuance. If a defendant can show that he was unfairly surprised by the allegations developed at trial, he would be entitled to a continuance. Appellant does not allege or show that he was unfairly surprised by the evidence as it developed in the present case.

WOMACK, J., joins.

MEYERS, Judge, concurring.

I concur in the result. I write separately because the majority opinion misstates the legal definition of constitutionally adequate notice and fails to address Appellant's main contention.

Appellant complains that the three indictments deprive him of his federal and state constitutional rights to adequate notice of the true nature and cause of the accusations against him. Adequate notice essentially requires two things. First, notice must fairly inform the defendant of the specific offense with which he is charged. Second, notice must be particular enough that the defendant, if convicted or acquitted, can plead the prosecution as a bar to a future prosecution under the same statute and for the same exact conduct. *See e.g., Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *McElroy v. State,* 720 S.W.2d 490 (Tex.Crim.App.1986).[1] The majority opinion misrepresents the legal definition of adequate notice, as it assumes that notice is

---

**4.** It is possible, of course, for time to be made material by the definition of an offense. See, *e.g.,* Tex. Alco. Bev.Code § 105.01 (making it an offense to sell liquor on New Year's Day).

**1.** In light of our decision in *Ex parte Goodbread,* discussed *infra,* our law does not require this notice to be presented in the indictment only; constitutionally adequate notice may be derived from both the indictment and the State's proof at trial.

constitutionally adequate if it only meets the first requirement.[2]

Appellant argues that notice is inadequate because the three indictments returned against him are identically worded—charging the same offense, committed in the same manner, against the same victim—and can be differentiated only by the date. Appellant's main contention, which the majority opinion does not address, is that he is potentially subject to double jeopardy because the indictment's statement that the offense occurred "on or about [date]" includes the entire statute of limitations period. Essentially, Appellant argues that the three indictments could be multiple indictments for the same specific instance of conduct.[3]

As the majority's opinion correctly states, the date the offense was allegedly committed is not material. Our jurisprudence has never required the State to prove a specific date even where a specific date has been pled in the indictment. *See Mireles v. State,* 901 S.W.2d 458, 463–66 (Tex.Crim.App.1995) (Meyers, J. dissenting) (tracing the history of date allegations). The State is, however, required to prove at trial a separate statutory violation for each indictment. Stated another way, if the State returns three indictments alleging identical conduct, then the State must show proof at trial that the defendant engaged in that conduct on three separate occasions. Because each incident of indecency with a child is a separate offense, *See Vernon v. State,* 841 S.W.2d 407, 410 (Tex.Crim.App.1992) (each instance of sexual assault is a crime and may be prosecuted separately), the State may return three identically worded indictments and obtain three convictions at trial, if the State provides proof of three separate statutory violations.

The answer to the question presented in this case is found in *Ex parte Goodbread,* 967 S.W.2d 859 (1998). In *Goodbread,* the appel-lant argued that two identically worded indictments alleging "on or about" different dates subjected him to double jeopardy. A majority of this Court disagreed. Relying on our past decision in *Luna v. State,* 493 S.W.2d 854 (Tex.Crim.App.1973), we held that "trial upon the indictment bars prosecution only for offenses for which proof was offered at trial." *Goodbread,* 967 S.W.2d at 860–61.

The same principle applies in the present case. The indictments presented in this case will bar prosecution for the offenses for which proof was offered at trial. As I elaborated in my concurring opinion in *Goodbread:*

> [J]eopardy attaches to the elements and factual matters pled in the indictment, but not to any specific date alleged. *See Sledge v. State,* 953 S.W.2d 253, 256 (Tex.Crim.App.1997). As trial proceeds, jeopardy attaches more specifically to those offenses that otherwise fit the indictment and for which proof is offered. Jeopardy may be further narrowed (or un-attached) by the State's election of a particular offense on which it will rely for conviction.

*Goodbread,* 967 S.W.2d at 862. As such, the State is prohibited from re-trying Appellant for the specific instances of conduct which it proved at trial in support of the three indictments returned against Appellant.

Finally, Appellant argues that past case law holds the information providing the required notice must be apparent from the face of the indictment alone. In light of our holding in *Goodbread, supra,* I believe that the cases upon which Appellant relies for that contention are no longer sound precedent in this particular context.

With these comments, I concur in the judgment.

---

**2.** *See* op. at 685–686. The single paragraph defining constitutionally adequate notice states only that "notice be given with sufficient clarity and detail to enable the defendant to anticipate the State's evidence and prepare a proper defense to it" and concludes that "[t]hus, an indictment must allege, in plain and intelligible language, all the facts and circumstances necessary to establish all the material elements of the offense charged." The application of the law to fact paragraph thus addresses the concept of adequate notice only in terms of "notice adequate to enable [the defendant] to prepare a proper defense."

**3.** It is equally plausible that the three indictments are for three distinct instances of identical conduct.

BAIRD, Judge, dissenting opinion on appellant's petition for Discretionary Review.

We granted review to determine whether the Court of Appeals correctly held the trial judge did not err in overruling appellant's motion to quash the indictments on the ground the "on or about" allegations failed to provide sufficient notice of the date of the alleged offenses. Believing the majority fails to appreciate the real issue in this case, I dissent.

## I.

Appellant was charged in three separate indictments, each returned on April 28, 1993. All three indictments, *in identical language,* allege the *same victim,* the *same crime* (indecency with a child), and the *same specific conduct* ( sexual contact by touching with his hand the genitals of [victim] ) carried out under the *same circumstances* (with a child younger than seventeen years of age and not the spouse of the Defendant).[1] The only differences between the three indictments are the allegations of the "on or about" dates of the alleged offenses, and the docket numbers.[2] The three cases were consolidated for trial. The jury found appellant guilty under all three indictments and the Court assessed punishment at imprisonment for ten years for each offense with the sentences to run concurrently.

## II.

The majority holds the "on or about" dates alleged in the three indictments provide sufficient notice pursuant to this Court's opinion in *Sledge v. State,* 953 S.W.2d 253 (Tex.Cr. App.1997). Ante at 684; In *Sledge,* 953 S.W.2d at 255–56, this Court held "... the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *See also, Scoggan v. State,* 799 S.W.2d 679, 680 n. 3 (Tex.Cr.App.1990); *Thomas v. State,* 753 S.W.2d 688, 692 (Tex. Cr.App.1988); and, *Mitchell v. State,* 168 Tex.Crim. 606, 330 S.W.2d 459, 462 (1959).

*Sledge,* however, is not applicable to the instant case for two reasons. First, unlike appellant in the instant case, Sledge did not file a motion to quash the indictment for failure to provide sufficient notice. Rather, when the State charged Sledge with aggravated sexual assault and indecency with a child alleging an "on or about" date for the offenses, Sledge filed a "Request for Notice of State's Intention to Introduce Evidence of Other Crimes, Wrongs, and Acts." Sledge, 953 S.W.2d at 254. A request as to notice of intent to introduce *extraneous conduct* is simply not the same, nor specific enough to object to the failure of an indictment to provide sufficient notice of the offense charged in the indictment. Importantly, appellant in the instant case filed the requisite motion to quash, specifically contending the "on or about" dates alleged in the indictments failed to comport with the notice requirement.

Second, *Sledge* is not applicable because appellant does not contend the indictments fail to provide sufficient notice simply because they allege "on or about" dates instead of specific dates. Rather, appellant objects to the unique problem created by the fact all three indictments in the instant case allege identical offenses, were presented on the same date, and are alleged to have occurred within the exact same statutory period. This means the proof required to convict on one indictment is the very same proof required to

---

1. Specifically, each indictment alleges that appellant:

   ....with the intent to arouse and gratify the sexual desire of the Defendant, engage in sexual contact by touching with his hand the genitals of [victim], a child younger than seventeen years of age and not the spouse of the Defendant ...

2. 1) Indictment No. 1176–95 alleged appellant committed the offense of indecency with child, with this victim "on or about the *15th day of May, 1990* ..."

   2) Indictment No. 1177–95 ) alleged appellant committed the offense of indecency with child, with this victim "on or about the *5th day of October, 1987* ..."

   3) Indictment No. 1178–95 ) alleged appellant committed the offense of indecency with child, with this victim "on or about the *15th day of August, 1989...*"

convict on all three.[3] Therefore, as charged, appellant is exposed to *triple jeopardy* for what may well be the same instance of conduct. Of course it is conceivable appellant committed the exact same offense of indecency with a child, in the exact same manner, on three separate occasions between April 28, 1983 and April 28, 1993. However, as charged, it is just as conceivable appellant committed the offense of indecency with a child only one time between April 28, 1983 and April 28, 1993 but has been *indicted three times for the one offense.* In order to properly allege appellant committed the exact same offense three times rather than once, the State simply must narrow the time frame within which each offense is alleged to have occurred. Failure to allege the dates of the offenses with more certainty violates the double jeopardy provisions of the United States and Texas Constitutions, Art. I § 10 of the Texas Constitution, applicable statutory law, and case law from this Court.

In *Garber v. State,* 145 Tex.Crim. 44, 165 S.W.2d 741 (Tex.Cr.App.1942), this Court held art. I, § 10 of the Texas Constitution requires the offense alleged in the indictment be charged in plain and intelligible words, and with such certainty as to enable appellant to plead the judgment that may be given on it *in bar of any further prosecution for the same offense:*

> ... Art. I Sec. 10 of the Constitution, Vernon's Ann. St. Const. has been interpreted to mean that the indictment, or in this case the complaint and information, shall on its face give the accused the information on which he may prepare his defense. He is not required to look further than the charge itself, which must be brought in plain and intelligible terms. More than one misdemeanor may be charged in the one proceeding, but it must be so described as to each that it is capable of definite ascertainment as to the offenses charged.

*Garber v. State,* 165 S.W.2d at 741–42.

In *McElroy v. State,* 720 S.W.2d 490, 492 (Tex.Cr.App.1986), this Court explained the certainty requirement:

> ... to be valid, an indictment must set forth in plain and intelligible words all the essential and constituent elements of the offense sought to be charged, and *the charge must particularize the act complained of so that its identity cannot be mistaken, and, if convicted or acquitted, and same becomes final, the defendant can plead it in bar to a like prosecution.*

*McElroy v. State,* 720 S.W.2d at 492, *citing Reeves v. State,* 144 Tex.Cr.R. 270, 162 S.W.2d 705 (Tex.Cr.App.1942).

In *Wilson v. State,* 520 S.W.2d 377, 379 (Tex.Cr.App.1975), this Court explained:

> ... the rule is that an offense should be charged in plain and intelligible words with such certainty as to 1) enable the accused to know what he will be called upon to defend against and 2) to enable him to plead the judgment that may be given on it in bar of any further prosecution for the same offense. [numbering mine].

*See also, Gaines v. State,* 501 S.W.2d 315 (Tex.Cr.App.1973); *Voelkel v. State,* 501 S.W.2d 313 (Tex.Cr.App.1973); *Moore v. State,* 473 S.W.2d 523 (Tex.Cr.App.1971); *Staggs v. State,* 145 Tex.Crim. 263, 167 S.W.2d 527 (Tex.Cr.App.1943); and, *Gilliam v. State,* 145 Tex.Crim. 242, 167 S.W.2d 528 (Tex.Cr.App.1943). In addition to the constitutional notice requirement of art. I, § 10, Tex.Code Crim. Proc. Ann. art. 21.04 requires certainty in notice:

> The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it *in bar of any prosecution for the same offense.*

Accordingly, appellant is correct in contending that the applicable statutory period for each offense is the same; the "on or about" dates alleged in the indictments fail to provide sufficient notice of the alleged dates of the three offenses. The majority's holding to the contrary overlooks the unique issue presented in this case. If the State needs

---

**3.** Each of the three identical offenses are alleged to have occurred, in an identical manner, anytime within the same ten year period beginning April 28, 1983 (date marking the ten year statute of limitations) and April 28, 1993 (the date the three indictments were presented). Therefore, by proving one indictment, the State proves all three.

only to prove these identical offenses occurred within the same ten year period of time, the State need only prove the elements of one indictment against appellant in order to obtain automatic convictions on the other two. This means, that in violation of the United State's and Texas double jeopardy clauses, the State is free to seek and obtain multiple convictions for what might very well be only one instance of conduct.

## III.

Texas constitutional law, statutory law, and case law all require the accused be given adequate notice as to the nature and particulars of the charges against him. This requirement enables the accused to prepare his defense to the charge, and plead the judgment that may be given on the charge, in bar of any further prosecution for the same offense. Application of the *Sledge* rule to the instant case however, relieves the State of more than proving the alleged offenses occurred on specific dates. In this case, it relieves the State of having to prove the alleged offenses, all identical, are even separate instances of conduct. Because conviction on one of the indictments is sufficient also to convict on the other two, it is impossible to ascertain with any certainty, at any given time in the proceeding, which of the three indictments the State's proof is supporting. This is so because the proof required for a conviction on each indictment is the same. Believing the law requires more specific notice, I dissent.