COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-323-CV

 

 

IN THE MATTER OF D.J.                                                                       

                                                                                                        

                                              ------------

 

           FROM
THE 323RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








After a bench trial, the
trial court adjudicated Appellant D.J. delinquent for committing misdemeanor
assaultBbodily injury and placed him on six months= probation.  In two issues, D.J.
contends that the State=s failure to
prove that the offense occurred on the date alleged in the petition requires a
reversal and acquittal and that the date on the original judgment voids the
jurisdiction of the trial court to adjudicate him.  Because (1) D.J. waived any complaints about
the trial court=s
jurisdiction based on his age, (2) he did not raise the statute of limitations
as a defense, and (3) the trial court has now entered a nunc pro tunc judgment
of delinquency, we affirm the trial court=s nunc pro tunc judgment of delinquency. 

In its first amended
petition, filed in July 2007, the State alleged that

on or
about the 25th day of April 2007, in the County of Tarrant and State of Texas,
[D.J.] did then and there intentionally or knowingly, while in the course of
committing theft of property and with intent to obtain and maintain control of
said property, cause bodily injury to [the complainant] by striking him with
his hands and fist.

 

The State also alleged that D.J. was eleven years
old at the time of filing and that his date of birth was November 7, 1995.  

At trial in August 2007, the
trial judge stated to D.J. in open court after the announcements of ready, 

Now,
according to the pleadings, you=re charged with engaging in
delinquent conduct C it
looks like a robbery charge C where it=s
alleged that on or about . . . the 25th day of April of this year, in Tarrant
County, Texas, that while in the course of committing theft of property and
with the intent to either obtain or maintain control of the property, that
caused bodily injury to [the complainant] by striking him with your hands or
fists.

 








After this statement but before testimony began, the State and D.J.
stipulated that his date of birth was November 7, 1995 and that he was eleven
years old at trial.  While attorneys for
both sides referenced April 25, neither attorney expressly voiced A2007" in questioning the witnesses, and none of the witnesses
expressly testified that the offense occurred in April 2007.

In the original judgment of delinquency, the trial court found that
D.J. had the same date of birth (November 7, 1995) as that alleged and
stipulated to and that he was ten years of age or older and under seventeen
years of age but also found that the date of the offense was April 25,
2004.  In the nunc pro tunc judgment of
delinquency, the trial court changed the date of the offense to April 25, 2007.

In his first issue, D.J. contends that the State=s failure to prove that the offense occurred on the date alleged,
April 25, 2007, requires a reversal and acquittal.  To the extent that D.J. is complaining that
the State did not prove that the offense occurred when he was at least ten
years old, an objection to the trial court=s jurisdiction based on the child=s age must be raised at trial or else is waived.[2]  D.J. did not object to the missing proof
about the date of the offense at trial. 
He has therefore presented nothing for our review.








To the extent that D.J. is complaining that the State failed to prove
an element of the offense by failing to prove the date of occurrence, it has
long been the law that time is not generally a material element of an offense.[3]  The State does not have to allege a specific
date in the indictment.[4]  When an indictment alleges that some relevant
event transpired Aon or about@ a certain date, the defendant is put on notice to prepare for proof
that the event happened at any time within the statutory period of limitations
for the charged offense.[5]  D.J. did not raise a limitations defense or
otherwise place the timing of the offense at issue below.  Consequently, we overrule D.J.=s first issue.

In his second issue, D.J. contends that the date on the judgment voids
the trial court=s
jurisdiction to adjudicate him.  The
trial court corrected the error in the original judgment by issuing the April
2008 nunc pro tunc judgment of delinquency. 
For this reason and those discussed above, we also overrule D.J.=s second issue.

Having overruled both of D.J.=s issues, we affirm the trial court=s nunc pro tunc judgment of delinquency.    

 

PER
CURIAM

 

PANEL F:  DAUPHINOT, HOLMAN, and GARDNER, JJ.

 








DELIVERED:  June 5, 2008   











[1]See Tex. R. App. P. 47.4.





[2]Tex. Fam. Code Ann. '
51.042 (Vernon 2002); In re S.C., 229 S.W.3d 837, 840 (Tex. App.CTexarkana
2007, pet. denied); In re T.A.W., 234 S.W.3d 704, 705 (Tex. App.CHouston
[14th Dist.] 2007, pet. denied); In re E.D.C., 88 S.W.3d 789, 793 (Tex.
App.CEl
Paso 2002, no pet.).





[3]Garcia
v. State, 981 S.W.2d 683, 686 (Tex. Crim. App. 1998).





[4]Sledge
v. State, 953 S.W.2d 253, 255 (Tex. Crim. App. 1997).





[5]Thomas
v. State, 753 S.W.2d 688, 693 (Tex. Crim. App. 1988).