COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                NO.
 2-09-352-CR

 

 

DAVID PONDER                                                                                APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

            FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction

Appellant
David Ponder appeals his conviction for misdemeanor assault.[2]  He contends in one issue that the trial court
erred by failing to grant his motion for instructed verdict.  We affirm.

II.  Background

On July
3, 2008, Appellant hit the complainant, Thomas Sheaff,
on the right side of Sheaff=s head,
causing Sheaff to fall against a van parked nearby.
Appellant was charged by information with misdemeanor assault for
intentionally, knowingly, or recklessly causing bodily injury to Sheaff Aon or
about the 3rd day of July, A.D., 2008.@  Appellant pleaded not guilty but was found
guilty following a jury trial.  The trial
court sentenced Appellant to 365 days=
incarceration but probated Appellant=s
sentence for two years. 

III.  Exact Date of Offense as Alleged

Appellant
contends in his sole issue that the trial court erred by failing to grant his
motion for instructed verdict. 
Specifically, Appellant contends that the trial court should have
granted the motion for instructed verdict because the State did not offer
evidence to establish what the AA.D.@ refers
to in the information; therefore, according to Appellant, the State failed to
prove that the date alleged was within the statute of limitations.  We disagree.

A.  Standard of Review

The
standard of review for a motion for directed verdict is the same as that used
to review the legal sufficiency of the evidence.  See Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim.
App. 1996).  In reviewing the legal
sufficiency of the evidence to support a conviction, we view all of the
evidence in the light most favorable to the prosecution in order to determine
whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

B.  Analysis

AIt is
well settled that the >on or about= language
of an indictment allows the State to prove a date other than the one alleged in
the indictment as long as the date is anterior to the presentment of the
indictment and within the statutory limitation period.@  Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997).  A[T]he primary purpose of specifying a date in the indictment is
. . . to show that the prosecution is not barred by the statute of limitations.@  Garcia v. State, 981
S.W.2d 683, 686 (Tex. Crim. App. 1998).  Moreover, the jury may draw reasonable
inferences from basic facts to ultimate facts. 
Clewis v. State, 922 S.W.3d 126, 133
(Tex. Crim. App. 1996).  

Here,
Appellant was charged in August 2008 by information of assaulting Sheaff Aon or
about the 3rd day of July, A.D., 2008,@ and the
State offered evidence that Appellant assaulted Sheaff
in July 2008.  From that evidence, the
jury could have inferred that the assault occurred in July 2008, A.D., or July
2008, B.C.  To the extent that the jury
inferred that the assault occurred in July 2008, A.D., the jury=s
inference was reasonable because the other, unreasonable inference would mean
that Appellant is more than 4,000 years old. 
We hold that the State presented legally sufficient evidence that
Appellant assaulted Sheaff within the statute of
limitations and that the trial court did not err by denying Appellant=s motion
for instructed verdict.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d
at 778; Williams, 937 S.W.2d at 482.  We overrule Appellant=s sole
point.

IV.  Conclusion

Having
overruled Appellant=s sole point, we affirm the trial
court=s
judgment.  

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 12, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 22.01(a)(1), (b) (Vernon 2005).