Opinion issued March 8, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00186-CR

———————————

pablo mendoza martinez, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 174th Judicial District Court 

Harris County, Texas



Trial Court Case No. 1190504

 



 

MEMORANDUM OPINION

          A
jury found appellant, Pablo Mendoza Martinez, guilty of the offense of aggravated
sexual assault of a child,[1] and the trial court
assessed his punishment at confinement for sixty years.  In his sole point of error, appellant contends
that the trial court erred in submitting a jury charge that denied him a
unanimous verdict.  

          We
affirm.

Background

          A
Harris County Grand Jury issued a true bill of indictment, accusing appellant
of the felony offense of aggravated sexual assault of a child and alleging that
“on or about November 14, 2006,” appellant unlawfully, intentionally, and
knowingly caused the penetration of the female sexual organ of the complainant,
who was a person younger than fourteen years of age, by placing his finger in
the complainant’s sexual organ.  

          Prior
to trial, appellant filed a Motion to Require the State to Elect a Specific Act.  In this motion, appellant requested that the trial
court order the State to designate “which specific act of sexual intercourse or
contact it will rely upon for conviction.”[2]  At a hearing prior to trial, appellant again
asked for a ruling on his motion and the following discussion took place:

[State]:                 Judge, we do have a specific
act in mind that we will be talking about. 
It’s a digital penetration with the—by the defendant, of course with the
complainant.  And I think it will be clear
which act is the act for our case-in-chief. In fact, just so we’re sure, I will
make a note on the record when we get there with the complainant, and just say:
Now let’s talk about our case-in-chief, if that helps you out.

 

[Appellant]:          With the understanding that that entry
in the record constitutes your election, we don’t have a problem with that.

 

[State]:                 That’s fine.

 

[Appellant]:                    As
long as the record is clear.

 

[State]:                 And if it’s unclear, if we can
just approach the bench and talk about it at that point.

 

[Appellant]:                   We’ll do that.

 

[Trial
court]:         Agreed.

 

          Subsequently,
during the complainant’s trial testimony, the State, in accord with its
pretrial agreement, announced that it was presenting evidence pertaining to its
case-in-chief—the November 14, 2006 incident of sexual assault committed in
Harris County by appellant against the complainant.  Appellant did not object to the State’s
election.   

          After
the conclusion of the presentation of evidence and during the charge
conference, appellant made two specific objections to the jury charge.  In his first complaint, appellant
acknowledged that the State had “apparently” made its election upon which
specific act it was seeking a conviction, but appellant contended that, by use
of the language “on or about” in the jury charge, the application paragraph did
not limit the State to “the exact date pled in the indictment.”  In his second complaint, appellant objected
to the trial court’s instruction concerning the statute of limitations.  Appellant tendered a charge that omitted the
“on or about” language and the statute of limitations instruction.  Appellant asserted that his tendered charge
reflected the “proper way to hold the jury to [the State’s] election pursuant
to Phillips.”[3] 

          The
State responded,

The on or about language is
a statutory instruction in an effort to allow the State to prove up their case
within the statute of limitations. In these child sexual abuse cases, Your
Honor, it’s difficult for children to pinpoint dates and the Legislature has constructed
a statute of limitations in those cases at a 10-year period.

 

And so, going with the jury
charge that [appellant’s counsel] has provided would prevent a jury from finding
and allowing the event to have occurred within that 10-year period which is
within the statute of limitations that we have proved.  And as he concedes, there really is no case
law to support his stance on this. 

 

. . . .

 

As far as our election goes,
what we’ve—what the indictment alleges is the on or about language.  That is actually in the indictment.  In addition to that, we alleged the
penetration of the female sexual organ. And she testified to one event where
her female sexual organ was penetrated.  And
just as we had agreed to in pretrial motions, I made on the record a mark and said:
And now let’s talk about our case-in-chief.  So, I don’t think that there’s really any doubt
as to what offense we are going on.

 

          The
trial court overruled appellant’s objections and submitted the following
application paragraph:

Now, if you find from the
evidence beyond a reasonable doubt that on or about the 14th day of November,
2006, in Harris County, Texas, the defendant, Pablo Mendoza Martinez, did then and
there unlawfully, intentionally or knowingly cause the penetration of the
female sexual organ of [R.F.], a person younger than fourteen years of age and
not the spouse of the defendant, by placing his finger in the female sexual
organ of [R.F.], then you will find the defendant guilty of aggravated sexual
assault of a child, as charged in the indictment.

 

The trial court also submitted the following
instruction concerning the statute of limitations:

You are further instructed
that the State is not bound by the specific date which the offense, if any, is
alleged in the indictment to have been committed, but that a conviction may be had
upon proof beyond a reasonable doubt that the offense, if any, was committed at
any time within the period of limitations. 
The limitation period applicable to the offense of aggravated sexual
assault of a child is ten years from the date of the 18th birthday of the
victim of the offense.

 

          Additionally,
the trial court instructed the jury that if there was any evidence regarding appellant’s
commission of offenses “other than the offense alleged,” it could not consider such
evidence for any purpose unless it found beyond a reasonable doubt that the
defendant committed such other offenses and, then, it could only consider other
offenses for limited purposes.  Finally,
the trial court instructed the jury that it could certify the verdict only once
it had reached a unanimous agreement.  

Jury
Charge

          In his sole
point of error, appellant argues that the trial court erred in submitting
a jury charge that “served to deny [him] his right to a unanimous verdict”
because it included “on or about” language and a statute of limitations
instruction.  Appellant asserts that the
statute of limitations instruction “served to undo any clarification created”
by the State’s election and it “effectively granted the jury carte blanche to
use any of the alleged acts of sexual abuse presented [by the State] over the
course of the trial to convict.”

We review jury charge
error by considering whether (1) error exists in the charge and (2) if so,
whether sufficient harm resulted from the error to require reversal.  Ngo v.
State, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005).  Jury unanimity is required in all criminal
cases.  Ngo, 175 S.W.3d at 745.  Each and every juror must agree
that a defendant committed the same, single, specific criminal act.  Id.
 Non-unanimity may result “when the jury
charge fails to properly instruct the jury, based on the indicted offense(s)
and specific evidence in the case, that its verdict must be unanimous.”  Cosio
v. State, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011).  

The Texas Court of
Criminal Appeals has identified three “variations that may result in
non-unanimous verdicts as to a particular incident of criminal conduct”: (1) when
the State presents evidence demonstrating the repetition of the same criminal
conduct, but the actual results of the conduct differed; (2) when the State
charges one offense and presents evidence that the defendant committed the
charged offense on multiple but separate occasions, and (3) when the State
charges one offense and then presents evidence of an offense, committed at a different
time, that demonstrates the violation of a different provision of the same
criminal statute.  Id. at 771–72.

          This
case does not present any of the above opportunities for non-unanimity.  First, the State made an election to proceed
on a specific incident of sexual assault. 
See Phillips v. State, 193
S.W.3d 904, 913 (Tex. Crim. App. 2006) (holding that, upon timely request at
the close of State’s case, State is required to elect as to which specific
incident of sexual assault it will use to convict).  During trial, in accord with its pretrial
agreement, the State clearly identified its case in chief as concerning the November
14, 2006 assault.  

Second, the grand
jury, in its indictment, accused appellant only of committing the single
offense on November 14, 2006.  Moreover, the
indictment contains the specific allegation that appellant had assaulted the
complainant by causing the penetration of the complainant’s sexual organ with his
finger.[4]  

Third, the State
presented specific evidence of only a single instance when appellant assaulted
the complainant in the manner described in the indictment and jury charge.  This single instance occurred on November 14,
2006, and there is no evidence that the complainant was assaulted in the manner
described at another time during or near November 2006.  Although there is evidence that appellant had
forced the complainant to touch his genitals on prior occasions and appellant
had placed his hand in the complainant’s pants on one prior occasion, the only direct
evidence supporting the allegation that appellant had penetrated the
complainant’s sexual organ with his finger “on or about November 14, 2006” was
the complainant’s testimony concerning the offense on November 14, 2006.[5]  

Fourth, in accord with
the indictment and the State’s election, the jury was specifically charged that
it could only find appellant guilty if it found that appellant, “on or about”
November 14, 2006, had sexually assaulted the complainant by causing the penetration
of her female sexual organ by placing his finger in her sexual organ.    

          In
regard to appellant’s complaint concerning the “on or about” language in the
charge, the court of criminal appeals has held that it is not error to use “on
or about” language in an indictment.  Garcia v. State, 981 S.W.2d 683, 685–86
(Tex. Crim. App. 1998); see also Dixon v.
State, 201 S.W.3d 731, 736 (Tex. Crim. App. 2006) (noting, in rejecting
defendant’s notice complaint, that when young children are involved, “courts
cannot impose unrealistic expectations regarding proof of when an offense
actually occurred”).  In the
circumstances presented here, and based upon the language in the application
paragraph in the charge and the evidence presented by the State, the use of “on
or about” could not have created a unanimity problem.[6]  

          Finally,
in regard to appellant’s complaint about the statute of limitations
instruction, even if such an instruction could give rise to unanimity concerns
in certain circumstances, the instruction, as given in this case, for the
reasons we have described above, could not have created a unanimity
problem.  The State made a clear election
upon which incident of assault it was seeking a conviction.  And it presented specific and direct evidence
of only one incident of sexual assault that occurred in the manner, location,
and general time frame that was alleged in the indictment.  Accordingly, we hold that the trial court did
not submit to the jury a charge that deprived appellant of a unanimous verdict.

          We
overrule appellant’s sole point of error.

Conclusion

          We
affirm the judgment of the trial court.  

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Jennings and Huddle.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. § 22.021 (Vernon 2011).

 





[2]           See
Phillips v. State, 193 S.W.3d 904,
910, 913 (Tex. Crim. App. 2006).





[3]           See
id.





[4]
          The indictment also contains a
geographic limitation, i.e., Harris County, that would have excluded
consideration of other evidence pertaining to appellant’s alleged conduct that
occurred outside of the jurisdiction.  

 





[5]
          A police officer testified in
general regarding “two prior incidents in Harris County,” but the officer
provided no additional details on the dates or specific nature of these
incidents, and this evidence would not have permitted the jury to find
appellant guilty.  Appellant’s own
daughter also testified in a way suggesting that she had independent reasons to
believe the complainant’s allegations, but her testimony also would not have
permitted the jury to find appellant guilty of the charged offense.  Finally, the complainant testified generally
concerning other incidents of sexual assault and inappropriate touching, but
the only detailed testimony that she provided concerning an assault that
occurred in the manner as described in the charge pertained to the assault on
November 14, 2006.

 

We do not
construe appellant’s brief as presenting a separate point of error concerning
the admission of testimony pertaining to extraneous assaults.   

 





[6]
          The Amarillo Court of Appeals
has held that the use of “on or about” language can lead to unanimity problems
in certain circumstances.  See Demps v. State, 278 S.W.3d 62, 67
(Tex. App.—Amarillo 2009, pet. ref’d) (citations omitted) (acknowledging that State
may present evidence or obtain conviction by proof of similar criminal acts
that occurred “on or about” date alleged in indictment, but noting that “danger
that a verdict will not be unanimous arises when a multitude of incidents are
presented to the jury and the State is not required to elect”).