**Opinion issued November 24, 2020**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-19-00510-CR**

**NO. 01-19-00511-CR**

———————————

**DAVID NINO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1548025, 1548026**

## MEMORANDUM OPINION

Appellant, David Nino, was indicted for two offenses—indecency with a child

and sexual assault of a child.[1]   Appellant waived his right to a jury trial, was

---

[1]     *See* TEX. PENAL CODE §§ 21.11 (indecency with child), 22.011(a)(2) (sexual assault
        of child).

convicted of both offense by the trial court, and sentenced to seven years' confinement for each conviction. The sentences are cumulative. In his sole issue, appellant challenges the sufficiency of the evidence supporting the convictions.

We affirm.

## Background

When the complainant, C.R., was twelve years old, appellant, her stepfather, began sexually abusing her. Although C.R. did not know the precise number of times the abuse occurred, she remembered "four vivid times it happened."

The abuse began when C.R. visited appellant at his sister's house. C.R. testified that appellant put his hands down her pants and stroked her vagina over her underwear. C.R. was asleep at the time and when she realized what was happening, appellant asked if she wanted him to "finish." C.R. thought appellant meant to stop, so she said "yes." As described by C.R., "that's when [appellant's] face was going down towards my private area and that's when I pushed his face away." She testified that appellant stopped and took her outside to explain himself: "He started trying to explain why he did what he did, that women have this kind of treasure—like, referring to our vaginas—and that's why he couldn't help himself . . . he was sorry for doing what he did and that it wouldn't happen again."

C.R. recalled a second episode of abuse during a camping trip with appellant's family. C.R. testified that she was in appellant's tent, lying down at night, when he

2

started rubbing and stroking her vagina above her shorts. She testified that he asked if she liked it and she responded "no." Appellant stopped and left the tent.

A third episode of abuse occurred during a birthday party for appellant's nephew, again at the home of appellant's sister. C.R. was turning thirteen years old. She was lying down on the bed when appellant came in and began "rubb[ing] and strok[ing]" her vagina, below her pants but above her underwear. C.R. pushed appellant's hand away, and he stopped. Appellant asked C.R. to go outside with him, and "[h]e just kept on apologizing and saying it wasn't going to happen again and that he doesn't know why he does it."

The last incident of abuse occurred on January 1, 2017, when C.R. was fourteen. C.R. was staying with appellant on New Year's Eve because both of C.R.'s parents worked. C.R.'s two half-brothers, who are the sons of appellant and C.R.'s mother, also were staying with appellant. C.R. testified that she and appellant were driving home from a party around 3:00 a.m. when appellant unbuttoned her pants and "stuck his fingers inside of [her] vagina on the road while he was driving." Because she "didn't know what else to do," C.R. pretended to be asleep. Appellant stopped when he got out of the car at a gas station, but, after he returned to the car, "he started to do it again for the rest of the ride home."

Back at appellant's house, C.R. waited for appellant to fall asleep and then hid in the bathroom, where she sent messages asking her father and mother to come get

3

her. C.R. told her parents that appellant had touched her, and C.R.'s mother called the police. When the police arrived, C.R. told them what had happened. The police told C.R.'s parents to take C.R. for a sexual assault examination at the hospital.

Karla Romero, a forensic nurse at Texas Children's Hospital, performed a sexual assault examination on C.R. on January 1. Romero testified that a sexual assault examination "consists of four parts." The first step is to obtain a medical history from the patient. The second step is a "detailed head-to-toe assessment." The third step is a "detailed anogenital examination, and the fourth is collection of evidence." During the anogenital exam, C.R. complained of tenderness, and Romero observed redness and a "partial tear at 3:00 o'clock on the hymen." C.R. told Romero there had been penetration during the abuse that had occurred that same morning and, according to Romero, penetration may cause tearing.

Sarah Ball, a forensic evaluation clinician at the Children's Assessment Center, interviewed C.R. on March 2, 2017. A recording of Ball's interview with C.R. was introduced at trial. Ball testified that C.R. disclosed multiple incidents of abuse. The first incident occurred during the summer when C.R. was twelve years old at her aunt's house where appellant was living. C.R. told Ball that appellant entered the bedroom where she was asleep and "touched her vagina underneath her clothing." When appellant realized C.R. was awake, appellant stopped, took C.R.

4

outside, "apologized to her[,] and told her he didn't mean it and . . . didn't know what he was doing."

According to Ball, C.R. revealed that "[t]he next incident happened the same year in November . . . at [appellant's] nephew's birthday party." While C.R. was asleep, appellant "came into the room and began touching her in the same manner as before, rubbing her vagina underneath her clothing." When C.R. moved appellant's hand away, appellant began to pull down her pants and underwear and moved his mouth toward C.R.'s "lower area." Appellant asked C.R. if it was okay. He stopped when she told him "no."

Finally, Ball testified that C.R. described another incident of abuse during a Spring Break camping trip in 2016. C.R. told Ball that she was asleep in the tent while her brothers played outside. Appellant "came into her tent and began touching her in the same area as before." When C.R. told appellant she did not like that, appellant stopped and left the tent. Ball described C.R.'s demeanor as "very consistent . . . [with] someone who has been abused" and that she "seemed nervous."

Sergeant L. Donovan, an officer with the Houston Police Department Crimes Against Children Unit, served as the lead investigator of the sexual assault that occurred on January 1, 2017. In connection with his investigation, Sergeant Donovan interviewed appellant and obtained his consent for a buccal swab. The recording from Sergeant Donovan's interview of appellant was entered into evidence

5

at trial.  Appellant told Sergeant Donovan that C.R. was not telling the truth about the allegations because she wanted to go live with her father.

The buccal swab taken from appellant was analyzed against various samples taken from C.R. during the sexual assault examination and, although male DNA was present on those samples, forensic DNA analysts were unable to obtain a male DNA profile or draw any conclusion as to whether appellant's DNA was present.  This was due to the "overabundance of female DNA" also found on the samples.

Appellant testified in his own defense.  He denied having sexually abused C.R., and claimed that her allegations were "all fabricated."

The trial court found appellant guilty of both indecency with a child and sexual assault of a child and sentenced him to a total of fourteen years' confinement for the two offenses.

### Standard of Review

Every criminal conviction must be supported by legally sufficient evidence as to each element of the offense that the State is required to prove beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 315 (1979); *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011).  To determine whether this standard has been met, we review all of the evidence in the light most favorable to the verdict and decide whether a rational factfinder could have found the essential elements of the

crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 318–19; *Brooks v. State*, 323 S.W.3d 893, 901–02 (Tex. Crim. App. 2010).

It is presumed that the factfinder resolved any conflicting inferences in favor of the verdict, and a reviewing court defers to that resolution. *See Jackson*, 443 U.S. at 326; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). A reviewing court also defers to the factfinder's evaluation of the credibility and weight of the evidence. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

**Sufficiency of the Evidence**

In his sole issue, appellant contends the evidence was legally insufficient to support his convictions for sexual assault of a child and indecency with a child. Specifically, appellant argues the evidence is insufficient to establish that, (1) for both sexual assault of a child and indecency with a child, the offenses occurred "on or about" the dates alleged in the indictments and, (2) for indecency with a child, there was penetration.

**A.      There is legally sufficient evidence of the date of the offenses**

In his first argument, appellant contends the State failed to prove that the alleged offenses occurred "on or about" the dates alleged in the respective indictments. According to appellant, C.R.'s testimony "was devoid of any specificity as to narrow sections of time, much less so anything as broad as the year(s) when the alleged assaults took place." Because this testimony was "so

7

vague," appellant argues it cannot qualify as legally sufficient evidence to support his convictions.  We disagree.

Regarding the offense of indecency with a child, the State alleged that the offense occurred "on or about July 1, 2015," when appellant "engage[d] in sexual contact with C.R., a person younger than seventeen years of age, by touching the genitals of C.R. with the intent to arouse and gratify [his] sexual desire."  And regarding the offense of sexual assault of a child, the State alleged that the offense occurred "on or about January 1, 2017," when appellant "intentionally and knowingly cause[d] the penetration of the sexual organ of C.R. . . . a person younger than seventeen years of age, by placing his finger in the sexual organ of" C.R.

As the State points out, the State is not required to prove the specific date alleged in the indictment.  Unless the date is a material element of the offense, it is not necessary for an indictment to specify the precise date on which the charged offense occurred. *See Garcia v. State*, 981 S.W.2d 683, 685–86 (Tex. Crim. App. 1998).  The primary purpose of specifying a date in the indictment is not to notify the accused of the date of the offense, but instead to show that the prosecution is not barred by the statute of limitations. *Id.* at 686.  Therefore, "[i]t is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sanchez v. State*, 400

8

S.W.3d 595, 600 (Tex. Crim. App. 2013) (quoting *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997)).

Here, the indictments for indecency with a child and sexual assault of a child were filed on October 16, 2017. There is no statutory limitations period for either offense. *See* TEX. CODE CRIM. PROC. art. 12.01(1)(B) (no limitations for sexual assault of child), (E) (no limitations for indecency with child). That means the State could have obtained a conviction for conduct constituting indecency with a child and sexual assault of a child that occurred any time before the date of the indictment on October 16, 2017.

Moreover, significant evidence was introduced at trial that related to the dates and timing of both of the charged offenses. With respect to the charge of indecency with a child, alleged in the indictment to have occurred on or about July 1, 2015, the State presented sufficient evidence that the offense occurred before the date of the indictment and, more specifically, during the year 2015. Sarah Ball, the forensic evaluation clinician at the Children's Assessment Center, testified that C.R. told her that appellant sexually abused C.R. multiple times. The first incident occurred during the summer when C.R. was twelve years old at her aunt's house where appellant was living. According to Ball, C.R. disclosed that appellant entered the bedroom where she was asleep and "touched her vagina underneath her clothing." C.R. likewise testified that appellant first abused her when she was twelve at his

9

sister's house, where she said appellant put "his hands down my pants but above my underwear."

Though neither Ball nor C.R. testified to a specific year that this contact occurred, both testified that it occurred when C.R. was twelve and Ball specifically testified that C.R. told her she was abused during the summer. The State introduced C.R.'s medical records, which indicated her date of birth is in November 2002. Thus, she would have been twelve years old in the summer of 2015.

We conclude this evidence is legally sufficient to support the conclusion that the indecency with a child occurred "on or about July 1, 2015," and certainly before the date of the indictment on October 16, 2017.[2] *See Sanchez*, 400 S.W.3d at 600; *see also Sledge*, 953 S.W.2d at 256 (holding that State could proceed on events that occurred in 1986 and 1987, even though indictment alleged offenses occurred "on or about August 31, 1988," because dates of offenses proved were anterior to presentation of indictment and within limitations period).

Likewise, with respect to the charge of sexual assault of a child, alleged in the indictment to have occurred on or about January 1, 2017, the State presented

---

[2]     The State presented additional testimony from C.R. and Ball about two more instances of abuse—during a camping trip and during a birthday party for appellant's nephew—that occurred in 2015 or 2016, when C.R. was either twelve or thirteen. This testimony, like the testimony related to the first incident of abuse, placed the date of the offense near the July 1, 2015 date alleged in the indictment, and certainly before the date of the indictment.

10

sufficient evidence that the offense occurred before the date of the indictment and, more specifically, on the date alleged. For example, though C.R. did not specify the year, she testified that the assault occurred around 3:00 in the morning on January 1, as she was coming home from a New Year's Eve party with appellant. C.R. stated that she had just turned fourteen years old. Based on her birthdate of November 2002, C.R. would have been fourteen on January 1, 2017. In addition, C.R.'s father testified that he received text messages from C.R. at about 4:30 a.m. on January 1, 2017, asking him to come get her because appellant had touched her. C.R.'s father confirmed that she was fourteen on January 1, 2017.

This date is further confirmed by C.R.'s medical records, which show that she was admitted to the hospital for a sexual assault examination on January 1, 2017, as well as Sergeant Donovan's testimony that the sexual assault for which appellant was charged occurred on January 1, 2017. We conclude this evidence is legally sufficient to support that the sexual assault occurred "on or about January 1, 2017," and certainly before the date of the indictment on October 16, 2017. *See Sanchez*, 400 S.W.3d at 600; *Sledge*, 953 S.W.2d at 256.

Accordingly, we hold there is legally sufficient evidence of the dates of the indecency with a child and the sexual assault of a child offenses.[3]

---

[3]     We note that the cases relied on by appellant in support of his argument are actually supportive of our conclusion that there was legally sufficient evidence concerning the dates of the offenses. For example, in *Land v. State*, the Texarkana Court of

11

**B.** **The State was not required to prove penetration for indecency with a child**

Appellant also contends that there was insufficient evidence of penetration. Specifically, appellant argues that because "only the touching on New Year's was penetrative, the other count must be reversed and rendered." Given that the sexual assault of a child conviction was alleged to have occurred on New Year's Day, we construe appellant's argument that the "other count must be reversed" as a challenge to the sufficiency of the evidence of penetration to support his conviction for indecency with a child.[4]

However, as noted by the State, penetration is only an element of the sexual assault of a child offense, not of indecency with a child. A person commits sexual

---

Appeals held that the evidence was sufficient to show that the alleged sexual assault occurred at or near the time period alleged in the indictment, acknowledging that "'on or about' language is sufficient, so long as the act occurred before the date of the presentation of the indictment, but within the relevant limitations period." 291 S.W.3d 23, 27 (Tex. App.—Texarkana 2009, pet. ref'd). The Corpus Christi Court of Appeals held similarly in *Ketchum v. State*, first noting that the "State could prove that the charged offenses were committed before, on, or after the dates alleged in the indictment so long as the dates were before the date of the indictment and within the applicable limitation period" and concluding that the victim's testimony that the assaults occurred in 2003 placed the date of the offenses well within the applicable limitations period. 199 S.W.3d 581, 589 (Tex. App.—Corpus Christi 2006, pet. ref'd).

[4]  Because appellant admits there was evidence of penetration with respect to the sexual assault of a child conviction, we do not construe his argument as challenging the sufficiency of the evidence of penetration to support that conviction. He raises no other challenges to the sufficiency of the evidence as to the elements of the offense of sexual assault of a child.

12

assault of a child if he "intentionally or knowingly . . . causes the *penetration* of the anus or sexual organ of a child [i.e., a person younger than seventeen years of age] by any means." TEX. PENAL CODE § 22.011(a)(2)(A), (c)(1) (emphasis added).

In contrast, a person commits indecency with a child if he "engages in sexual conduct with [a] child [younger than seventeen years of age]." *Id.* § 21.11(a)(1). Sexual conduct in this context includes "any *touching* by a person, *including touching through clothing*, of the anus, breast, or any part of the genitals of a child," if the touching is "committed with the intent to arouse or gratify the sexual desire of any person." *Id.* § 21.11(c)(1) (emphasis added). Indecency with a child thus requires evidence of only touching. *See id.* § 21.11(a)(1), (c)(1); *see also Sandoval v. State*, No. 14-16-00109-CR, 2017 WL 3090010, at *2 (Tex. App.—Houston [14th Dist.] July 20, 2017, no pet.) (mem. op., not designated for publication) (noting that key distinction between aggravated sexual assault and indecency with child is that aggravated sexual assault requires penetration of child's sexual organ while indecency with child may be proved by mere touching of child's genitals).

Because penetration is not an element of the offense of indecency with a child, the State was not required to put on evidence of penetration in order to obtain a conviction for that offense. We therefore reject appellant's argument that his

conviction for indecency with a child must be reversed because there was insufficient evidence of penetration.[5]

Having found that there is legally sufficient evidence of the dates alleged for appellant's convictions for indecency with a child and sexual assault of a child and that the State was not required to prove penetration for indecency with a child, we overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.

Terry Adams
Justice

Panel consists of Chief Justice Radack and Justices Hightower and Adams.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[5] Apart from his argument concerning penetration, appellant raises no other challenges to the sufficiency of the evidence as to the elements of the offense of indecency with a child.

14