COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RUBEN FERNANDEZ, | § | No. 08-10-00263-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 243rd District Court |
| THE STATE OF TEXAS, | § | |
| | § | of El Paso County, Texas |
| Appellee. | § | |
| | § | (TC#20080D05473) |

# O P I N I O N

Appellant, Ruben Fernandez, appeals his convictions of sexual assault of a child, indecency with a child, and aggravated sexual assault of a child. We affirm.

## BACKGROUND

By indictment, Appellant was charged with four counts of sexual assault of a child (Counts I-IV), two counts of indecency with a child (Counts V and VII), and one count of aggravated sexual assault of a child (Count VI). Count III was dismissed prior to trial.

After divorcing her husband, MP and her children moved in with Appellant in 1998, when her daughter, CM, was approximately five years old. CM testified that when she was seven or eight years old, Appellant began to routinely touch CM's vagina over her clothing more than three times. CM did not understand what was happening and did not say anything about these events. When CM was in fourth grade, the pattern of abuse escalated when, two and three times per week, Appellant began touching CM under her clothes, touched her vagina with his fingers, and placed his tongue and mouth on her vagina. After this conduct continued for a long time, Appellant began a pattern of penetrating CM's vagina with his penis about three times per week while CM's

mother was at work. When Appellant began having vaginal sex with CM, she had a blue cell phone, which she had obtained on September 13, 2006. Appellant would occasionally show CM pornographic movies. CM testified that before Appellant began having sexual intercourse with his penis, he would place a clear plastic "thing" with bumps on his finger but she did not specifically recall when Appellant did this. On one occasion, however, Appellant attempted to insert his finger in her anus while his mouth was on CM's vagina.

On November 23, 2007, CM's mother arrived home early from work and found the door to Appellant's bedroom locked. When Appellant opened the door, CM's mother found CM on the bed with her underwear pulled down to her knees and Appellant wearing only a pair of shorts. Appellant admitted to CM's mother that he had been having sexual intercourse with CM.

CM testified that Appellant had last had sexual intercourse with her a few days prior to November 23, 2007. CM and her mother obtained a pregnancy test, which produced a positive result for pregnancy, and notified police. CM underwent a procedure to abort the fetus, and DNA analyses were performed on evidence collected from CM, the aborted fetus, and Appellant. Testimony from the State's DNA-analysis expert, Kevin Noppinger, was accepted without objection. Noppinger opined that, based upon his analysis of the evidence collected, Appellant could not be excluded as a donor of DNA to the aborted fetus and determined that Appellant's probability of paternity of the fetus was 99.9999 percent.

After the trial court denied his motion for directed verdict, Appellant presented testimony from several witnesses and family members, none of whom had observed anything out of the ordinary between Appellant and members of his family, including CM. Appellant's girlfriend, who met Appellant after he moved from the family home, testified that Appellant had informed her

of the pending charges and stated that they were untrue, but stated that Appellant had failed to inform her that DNA testing indicated a 99.9999 percent probability that he had fathered CM's aborted fetus. Appellant also presented the testimony of Dr. Paul Goldstein, a professor of genetics, who professed expertise regarding the lack of proper positive and negative controls in DNA testing. Dr. Goldstein stated that he had reviewed the DNA data and opined that Appellant should have been excluded as a DNA contributor and that the data results were unreliable.

A jury convicted Appellant on all counts and, after considering testimony from MP, CM, and Appellant's witnesses, assessed punishment at 70-years' imprisonment for aggravated sexual assault of a child, and 20-years' imprisonment for each of the remaining counts of sexual assault of a child and indecency with a child.

## DISCUSSION

In six issues, Appellant challenges the legal sufficiency of the evidence to support his convictions for each of the six counts presented in the indictment and asserts that because conflicting expert testimony was presented regarding the probability that Appellant could be excluded as a contributor of the DNA evidence not collected from his person, "the evidence stands on the victim's testimony alone." Appellant contends that his convictions for each count cannot stand because the complaining witness, CM, could not specify the dates on which the offenses occurred. Succinctly stated, Appellant attacks the sufficiency of the evidence to support the specific date on which each charged offense occurred. Because Appellant presents identical challenges in each of his six issues, we consider them together.

### *Standard of Review*

We determine whether evidence is legally sufficient to support a conviction by considering

3

all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and the reasonable inferences therefrom, a rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex.Crim.App. 2011); *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); *Levario v. State*, 964 S.W.2d 290, 294 (Tex.App. – El Paso 1997, no pet.). Although we consider all of the evidence presented at trial, we are not permitted to re-weigh the evidence and substitute our judgment for that of the fact finder. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). Nor are we to resolve any conflicts of fact, assign credibility to witnesses, or ascertain whether the evidence establishes guilt beyond a reasonable doubt. *See Stoker v. State*, 788 S.W.2d 1, 6 (Tex.Crim.App. 1989); *Dwyer v. State*, 836 S.W.2d 700, 702 (Tex.App. – El Paso 1992, pet. ref'd); *Levario*, 964 S.W.2d at 294; *Menchaca v. State*, 901 S.W.2d 640, 650-52 (Tex.App. – El Paso 1995, pet. ref'd).

*Child Victim Testimony*

Appellant correctly concedes in each of his six issues that a complainant's testimony alone is sufficient to support a conviction for indecency with a child. TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (West 2005); *Bazanes v. State*, 310 S.W.3d 32, 40 (Tex.App. – Fort Worth 2010, pet. ref'd) (child victim's testimony is sufficient to prove indecency with a child). A child victim's uncorroborated testimony is also sufficient to prove sexual assault of a child as well as aggravated sexual assault of a child. TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (West 2005); s*ee Bargas v. State*, 252 S.W.3d 876, 888 (Tex.App. – Houston [14th Dist.] 2008, no pet.).

*Dates of Offenses and Limitations*

4

The Texas Court of Criminal Appeals has determined that, unless time is a material element of an offense, as when a statute bans the sale of alcohol on a specific day or date, an indictment is not required to specify the precise date when a charged offense occurred, nor a window of time within which the offense must have occurred, in order to satisfy constitutional notice requirements. *See* TEX. PENAL CODE ANN. § 1.07(a)(22) (West Supp. 2012); *Garcia v. State*, 981 S.W.2d 683, 685-86 (Tex.Crim.App. 1998). Rather than provide notice of the date of the offense to the accused, the primary purpose of specifying a date within an indictment is to show that the prosecution is not barred by the statute of limitations. *Id.*

When an indictment alleges that an offense occurred "on or about" a certain date, the State is not bound by the date alleged and may prove within the period covered by the applicable statute of limitations any offense of the character alleged. *See Sledge v. State*, 953 S.W.2d 253, 255-56 (Tex.Crim.App. 1997); *Thomas v. State*, 753 S.W.2d 688, 692 (Tex.Crim.App. 1988). However, the State is not required to prove the specific date the offense occurred when an "on or about" date is alleged within the indictment. *See Klein v. State*, 273 S.W.3d 297, 303 n.5 (Tex.Crim.App. 2008). The evidence need only prove the offense occurred within the statutory-limitation period applicable to the charged offense and on a date prior to the presentment of the indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 21.02(6) (West 2009); *Klein*, 273 S.W.3d at 303; *Garcia*, 981 S.W.2d at 685.

## 1. Ten years from Eighteenth Birthday

CM was born on February 14, 1993. Appellant was charged with committing indecency with a child (Count VII) on or about March 1, 2002, and committing aggravated sexual assault of a child (Count VI) on or about January 1, 2005. Under the provisions in effect at the time these

5

offenses were committed, the statutory-limitations period was ten years from the victim's eighteenth birthday, a date not yet passed at the time of the presentment of the indictment. *See* Act of April 20, 2001, 77th Leg., R.S., ch.12, § 1, art. 12.01, 2001 Tex. Gen. Laws 20 (H.B. 656) *amended by* Act of June 17, 2001, 77th Leg., R.S., ch.1479, § 1, art. 12.01, 2001 Tex. Gen. Laws 5264 (S.B. 214); Act of June 17, 2001, 77th Leg., R.S., ch.1482, § 1, art. 12.01, 2001 Tex. Gen. Laws 5269, 5270 (S.B. 328); Act of June 18, 2003, 78th Leg. R.S., ch. 371, § 6, art. 12.01, 2003 Tex. Gen. Laws 1584, 1586, 1587 (S.B. 1460); Act of June 21, 2003, 78th Leg., R.S., ch. 1276, § 5.001, art. 12.01, 2003 Tex. Gen. Laws 4158, 4171 (H.B. 3507) (current version at TEX. CODE CRIM. PROC. ANN. art. 12.01(5) (West 2005)).

The evidence shows that in 2002, CM, her mother, her brothers, and Appellant moved to El Paso where Fernandez not only continued the sexually abusive conduct upon CM that he had initiated in Mexico but escalated his abuse of CM by touching CM's vagina with his fingers two to three times per week. CM also testified that she lived in her first El Paso home for one or two years before relocating to a residence next door, and that while in the second home, Fernandez continued the practice of placing his mouth on her vagina and began inserting his penis into her vagina. CM recalled that when she received a cell phone in September 2006, Appellant had already commenced sexual intercourse with her. Viewing this evidence in the light most favorable to the jury's verdict, we find the evidence is legally sufficient to support the jury's verdicts that Appellant committed the offense of indecency with a child on or about March 1, 2002, and committed aggravated sexual assault of a child on or about January 1, 2005, within the requisite statutory-limitations period applicable to each offense. *Id.*; TEX. PENAL CODE ANN. § 21.11(West 2011); TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West 2011);TEX. CODE

6

CRIM. PROC. ANN. art. 38.07(a), (b)(1) (West 2005); TEX. CODE CRIM. PROC. ANN. art. 12.01(5) (West 2005); *Gear*, 340 S.W.3d at 746; *Brooks*, 323 S.W.3d at 894-95; *Klein*, 273 S.W.3d at 303; *Garcia*, 981 S.W.2d at 685; *Johnson*, 23 S.W.3d at 7; *Levario*, 964 S.W.2d at 294; *Bazanes*, 310 S.W.3d at 40; *Bargas*, 252 S.W.3d at 888.   Issues Five and Six are overruled.

**2.  No Limitation after September 1, 2007**

The indictment charged Appellant with committing the offenses of sexual assault of a child on or about September 21, 2007 (Count IV), November 1, 2007 (Count I), and November 21, 2007 (Count II).   Appellant was also charged with committing the offense of indecency with a child on or about September 21, 2007 (Count V).   On June 15, 2007, the Texas Legislature amended article 12.01 and provided that, effective September 1, 2007, no statute of limitation bars the presentment of felony indictments for the offenses of sexual assault of a child, aggravated sexual assault of a child, or indecency with a child.[1]   Act of June 15, 2007, 80th Leg., R.S., ch. 593, § 1.03, art. 12.01, 2007 Tex. Gen. Laws 1120, 1121-22 (H.B. 8) (current version at TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(B), (E) (West Supp. 2012)); TEX. PENAL CODE ANN. §§ 22.011(a)(2), 22.021(a)(1)(B), and 21.11 (West 2011).   Because there is no applicable statute of limitations for the 2007 offenses charged in the indictment, the evidence need only prove the offense occurred on a date prior to the presentment of the indictment.   *See* TEX. CODE CRIM.

---

[1] The 2007 Act amending article 12.01 provides that a change to the article does not apply to an offense if the prosecution of that offense becomes time-barred by limitation before the effective date of the Act.   Where applicable, the prosecution of a time-barred offense remains barred as if the Act had not taken effect.   Act of June 15, 2007, 80th Leg., R.S., ch. 593, § 4.01(c), art. 12.01, 2007 Tex. Gen. Laws 1120, 1148 (H.B. 8).   Appellant has not asserted that any count is time-barred under the previous, pre-September 1, 2007 version of article 12.01, and we find that none are barred.   Even if the evidence supporting a count of the indictment showed that an offense was committed prior to September 1, 2007, the presentment of the indictment was timely presented within ten years of CM's eighteenth birthday, which had not yet passed.   *See* Act of April 20, 2001, 77th Leg., R.S., ch.12, § 1, art. 12.01, 2001 Tex. Gen. Laws 20 (H.B. 656) *amended by* Act of June 17, 2001, 77th Leg., R.S., ch.1479, § 1, art. 12.01, 2001 Tex. Gen. Laws 5264 (S.B. 214); Act of June 17, 2001, 77th Leg., R.S., ch.1482, § 1, art. 12.01, 2001 Tex. Gen. Laws 5269, 5270 (S.B. 328); Act of June 18, 2003, 78th Leg. R.S., ch. 371, § 6, art. 12.01, 2003 Tex. Gen. Laws 1584, 1586, 1587 (S.B. 1460); Act of June 21, 2003, 78th Leg., R.S., ch. 1276, § 5.001, art. 12.01, 2003 Tex. Gen. Laws 4158, 4171 (H.B. 3507) (codified at TEX. CODE CRIM. PROC. ANN. art. 12.01(5) (West 2005)).

PROC. ANN. art. 21.02(6) (West 2009); *Klein*, 273 S.W.3d at 303; *Garcia*, 981 S.W.2d at 685.

In addition to the previously discussed evidence, CM testified that Appellant was having sex with her after she had obtained her cell phone in 2006, that he would undress her and place his mouth upon her vagina before having sexual intercourse with her, and that this occurred three times a week until a few days before November 23, 2007, when CM's mother discovered Appellant with a semi-nude CM on a bed. CM also testified that during one episode of sexual intercourse, Appellant touched CM's anus while attempting to insert his finger. Appellant admitted to CM's mother that he had been having sexual intercourse with CM.

Viewing all the evidence in the light most favorable to the jury's verdict, we find the evidence is legally sufficient to support the jury's verdicts that Appellant committed the offenses of sexual assault of a child and indecency with a child on dates prior to the presentment of the indictment. *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (West 2011); TEX. PENAL CODE ANN. § 21.11 (West 2011); TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (West 2005); TEX. CODE CRIM. PROC. ANN. art. 12.01(5) (West 2005); *Gear*, 340 S.W.3d at 746; *Brooks*, 323 S.W.3d at 894-95; *Klein*, 273 S.W.3d at 303; *Garcia*, 981 S.W.2d at 685; *Johnson*, 23 S.W.3d at 7; *Levario*, 964 S.W.2d at 294; *Bazanes*, 310 S.W.3d at 40; *Bargas*, 252 S.W.3d at 888. Issues One, Two, Three, and Four are overruled.

## CONCLUSION

The trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

August 29, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

8

(Do Not Publish)