Opinion filed February 21, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00058-CR

_____

## RONNIE EARL PARRISH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2
Midland County, Texas
Trial Court Cause No. CR 133,721**

## MEMORANDUM OPINION

The jury convicted Ronnie Earl Parrish of criminal trespass of a building. *See* TEX. PENAL CODE ANN. § 30.05 (West Supp. 2013). The trial court assessed Appellant's punishment at ninety days in jail, probated for a term of one year, and a fine of $200. We affirm.

### The Charged Offense

Appellant was charged by information with the Class B misdemeanor offense of criminal trespass of a building located at 3201 Heritage Boulevard in Midland, Texas. The information alleged that the offense occurred on or about March 8, 2011.

### Issues on Appeal

In three issues, Appellant challenges the sufficiency of the evidence to support his conviction. Specifically, Appellant contends (1) that the State failed to present evidence that identified him as the person who committed the offense of criminal trespass, (2) that the evidence was insufficient to establish that the offense occurred at the specific address alleged in the information, and (3) that the evidence was insufficient to establish that he entered any building on the date alleged in the information.

### The Evidence at Trial

Deborah L. Jordan, the principal of Abell Junior High School, testified that she knew Appellant as the father of a former student. Jordan said that the school's staff had several problems with Appellant. She recalled an incident on January 21, 2011, in which Appellant became argumentative with the school's assistant principal. The argument arose when Appellant refused to abide by the school's policy that required all visitors to wear a school-issued badge while inside the school building. Jordan testified that she called the Midland Independent School District (MISD) Police Department and reported Appellant's behavior. Jordan said that Appellant then met with David Colburn, the head of the MISD Police Department. The meeting resulted in Appellant assuring Chief Colburn that he would not come into the school building unless he first called and set up an appointment with the school's assistant principal.

2

Jordan recalled that she next encountered Appellant in the principal's office on February 7, 2011. Jordan again called the MISD Police Department because Appellant had not made an appointment with the school's assistant principal before he entered the school building.

Lieutenant James "Mike" Bowen of the MISD Police Department testified that he issued Appellant a trespass warning on January 26, 2011, at the instruction of Dr. Ryder Warren, the superintendent of MISD. On the face of the citation, Lieutenant Bowen wrote that Appellant "must make arrangements prior to visiting any location" of MISD property. Lieutenant Bowen said that Appellant accepted and signed the warning.

Lieutenant Bowen explained that he was called back to the school on February 7, 2011, after Appellant had arrived at the school unannounced. Lieutenant Bowen testified that he then issued Appellant a Class C citation for trespass under Section 37.107 of the Texas Education Code.[1] On the face of the citation, Lieutenant Bowen noted that Appellant was "supposed to call and make appointment before entering" the school. Lieutenant Bowen said that Appellant refused to sign the citation.

Lieutenant Bowen testified that he encountered Appellant at the school yet again on March 9, 2011. At that time, Lieutenant Bowen and other officers attempted to speak with Appellant about him coming onto the school's property unannounced. Appellant ignored Lieutenant Bowen and the other officers and attempted to walk his child to the front door of the school. Lieutenant Bowen had a school employee come outside and escort Appellant's child into the building. Lieutenant Bowen and the other officers continued their attempts to speak with Appellant about the situation, but Appellant got into his vehicle and locked the doors. Appellant sat in his car for three to four minutes before he drove away from

---

[1]Tex. Educ. Code Ann. § 37.107 (West 2012).

3

the officers. Lieutenant Bowen and the other officers followed Appellant about two blocks before Appellant stopped and surrendered. Appellant was then arrested for criminal trespass and evading detention.

Melissa Horner, the assistant principal of the school, testified that Abell Junior High School was located at 3201 Heritage Boulevard. She also identified Appellant as the father of a former student. She had seen Appellant in the principal's office at the school on March 7, 2011. Horner testified that Appellant had not made an appointment to be in the school building that day, in violation of his previously issued trespass citation.

*Standard of Review*

We review a sufficiency of the evidence issue under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

*Analysis*

Appellant argues that the evidence presented at trial was insufficient to identify him as the individual who committed the charged offense. Appellant contends that the evidence was insufficient because none of the State's witnesses identified him as the person charged in the information with the offense.

Identification of the defendant as the person who committed the offense charged is part of the State's burden of proof and must be proved beyond a reasonable doubt. *Miller v. State*, 667 S.W.2d 773, 775 (Tex. Crim. App. 1984);

4

*Wiggins v. State*, 255 S.W.3d 766, 771 (Tex. App.—Texarkana 2008, no pet.). When a defendant contests the identity element of the offense, we are mindful that identity may be proven by direct evidence, circumstantial evidence, or even inferences. *Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd). Although the preferred procedure is for the prosecutor to request notation in the record of an in-court identification, it is not required to sustain a jury's guilty verdict. *Rohlfing v. State*, 612 S.W.2d 598, 601 (Tex. Crim. App. 1981). Instead, the test for sufficiency of an in-court identification is whether we can conclude, from "a totality of the circumstances," that the jury was adequately apprised that the witnesses were referring to Appellant. *Id.*; *see Wiggins*, 255 S.W.3d at 771.

In this case, the prosecutor did not ask any witness to make an in-court identification of Appellant. However, the record demonstrates that the witnesses were referring to Appellant during their testimony. All of the State's witnesses knew Appellant. The prosecutor asked three witnesses whether they were familiar with "the Defendant in this case, Ronnie Parrish." The witnesses responded that they were familiar with him. The State's witnesses referred to Appellant as "Mr. Parrish" during their testimony. They testified about a number of incidents in which Appellant was involved at the school, and they described Appellant's conduct during the incidents, including the incident that led to Appellant's arrest on March 9, 2011. The March trespass warning was issued to "Ronnie Earl Parrish." An officer gave the warning to Appellant, but Appellant refused to sign it.

The information alleged that "RONNIE EARL PARRISH" committed the offense. Appellant was the only individual on trial for the charged offense, and the jury returned a verdict finding "the Defendant, RONNIE EARL PARRISH," guilty of the offense of criminal trespass. Based on the evidence, there was no danger of a misidentification of the perpetrator of the offense. We conclude from a totality

of the circumstances that the jury was adequately apprised that the witnesses were referring to Appellant. Therefore, the evidence was sufficient to identify Appellant as the individual charged in the information. Appellant's first issue is overruled.

In his second issue, Appellant contends that the State failed to present any evidence that the alleged offense occurred at 3201 Heritage Boulevard, the specific location alleged in the information. The State presented evidence that Appellant entered Abell Junior High School without permission. Horner, the school's assistant principal, specifically identified the school's address as 3201 Heritage Boulevard. The State introduced into evidence a copy of the trespass citation that was issued to Appellant on February 7, 2011. The citation indicated that the address of Abell Junior High School was 3201 Heritage Boulevard. Based on the evidence, a rational trier of fact could have found that the offense occurred at 3201 Heritage Boulevard. Therefore, we conclude that the evidence was sufficient to establish the specific address alleged in the information. Appellant's second issue is overruled.

Appellant argues in his third issue that there was no evidence that he entered a building on March 8, 2011, the date alleged in the information. Unless the date of a charged offense is a material element of that offense, it is not necessary for the charging instrument to specify the precise date on which the alleged offense occurred. *Garcia v. State*, 981 S.W.2d 683, 685–86 (Tex. Crim. App. 1998). The primary purpose of specifying a date in a charging instrument is not to notify the accused of the date of the offense but, rather, to show that the prosecution is not barred by the statute of limitations. *Id.* at 686. When a charging instrument alleges that a crime occurred "on or about" a certain date, the State may prove an offense with a date other than the one specifically alleged so long as the date is anterior to the presentment of the charging instrument and within the statutory

6

limitation period. *Yzaguirre v. State*, 957 S.W.2d 38, 39 (Tex. Crim. App. 1997); *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997).

Here, Appellant was charged with the Class B misdemeanor offense of criminal trespass by an information filed on April 26, 2011.[2] The information alleged that Appellant committed the offense "on or about the 8th day of March, 2011." The statutory period of limitations for a Class B misdemeanor is two years from the date of the commission of the offense. TEX. CODE CRIM. PROC. ANN. art. 12.02(a) (West Supp. 2013). At trial, the State presented evidence that Appellant entered the school without first obtaining permission from the school's assistant principal on March 7, 2011. This date is prior to the presentment of the information and clearly falls within the two-year statute of limitations period. Accordingly, we conclude that the evidence was sufficient to support Appellant's conviction. Appellant's third issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

February 21, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[2]*See* PENAL § 30.05.