In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00337-CR
_____

LAWRENCE EDWARDS JACKSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 12-07-07637-CR

MEMORANDUM OPINION

A jury found Lawrence Edwards Jackson, appellant, guilty of possession of cocaine in an amount of less than one gram, a state jail felony. *See* Tex. Health & Safety Code Ann. § 481.115(b) (West 2010). The jury's finding that the offense was committed in a drug-free zone enhanced the offense to a third degree felony. *See id*. § 481.134(a)(3),(d)(1) (West Supp. 2014). Jackson pleaded "true" to the six enhancement paragraphs alleging six prior felony convictions, and the jury assessed punishment at sixty years of confinement. In two appellate issues, Jackson

1

contends he received ineffective assistance of counsel and challenges the sufficiency of the evidence supporting the jury's finding that the offense was committed in a drug-free zone.

INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, Jackson asserts he received ineffective assistance of counsel. Jackson complains that, during the guilt-innocence phase of the trial, defense counsel failed to redact "prejudicial" portions of an exhibit admitted at trial, and that defense counsel during closing argument, argued the State's theory of the case, and then bolstered the credibility of the State's witness.

To establish ineffective assistance, Jackson must satisfy the following test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "Appellate review of defense counsel's representation is

2

highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision[ ]making as to overcome the presumption that counsel's conduct was reasonable and professional." *Id.*

The record does not indicate that Jackson filed a motion for new trial to allege ineffective assistance of counsel. The record is silent as to trial counsel's tactical and strategic decisions. *See Estrada v. State*, 313 S.W.3d 274, 311 (Tex. Crim. App. 2010). Furthermore, Jackson has failed to demonstrate that, but for counsel's alleged errors, the outcome of his trial would have been different. *See Graves v. State*, 310 S.W.3d 924, 929 (Tex. App.—Beaumont 2010, pet. ref'd). Trial counsel's ineffectiveness is not apparent from the record. *See Freeman v. State*, 125 S.W.3d 505, 506-07 (Tex. Crim. App. 2003). Jackson cannot defeat the strong presumption that counsel's decisions during trial fell within the wide range of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 814. Therefore, we overrule issue one.

ENHANCEMENT FINDING

In his second issue, Jackson challenges the sufficiency of the evidence supporting the jury's finding that he committed the offense in a drug-free zone. The offense of possession of a controlled substance in an amount of less than one gram, under section 481.115(b) of the Texas Health and Safety Code is punishable as a third degree felony if the offense was committed "in, on, or within 1,000 feet of any real property that is owned, rented, or leased to a school or school board, the premises of a public or private youth center, or a playground[.]" Tex. Health & Safety Code Ann. §§ 481.115(b), 481.134(d)(1). "Playground" is defined as any outdoor facility that is not on the premises of a school and that is intended for recreation, is open to the public, and contains three or more play stations intended for recreation of children, such as a slide, swing set, and teeterboard. *Id.* § 481.134(a)(3).

> The original indictment charged Jackson with the following:
>
> Lawrence Edwards Jackson . . . on or about July 17, 2012, . . . did then and there intentionally or knowingly possess a controlled substance, namely, cocaine, in an amount of less than [one] gram, by aggregate weight, including adulterants and/or dilutants,
>
> And it is further presented in and to said Court that the defendant committed the above offense within 1,000 feet of premises owned by City of Conroe, Milltown Park, a playground, located at 600 York, Conroe, Montgomery County, Texas.

4

As evidenced by the reporter's record, the State requested an amendment to the indictment to "abandon[] some surplusage in the drug-free paragraph." Jackson did not object to the amendment, and the trial court noted that "Since there is no objection, . . . [w]e will use from now on the amended indictment." The second paragraph of the amended indictment, as read by the State to the jury, contained handwritten strikeouts and provided: "And it is further presented in and to said Court that the defendant committed the above offense within 1,000 feet of ~~premises owned by City of Conroe,~~ Milltown Park, a playground, ~~located at 600 York, Conroe, Montgomery County, Texas.~~"

On appeal, Jackson contends that the original indictment was "never legally amended" because according to the clerk's record no written amendment "was ever presented for the court's approval," and therefore, the State was required to prove the drug-free zone enhancement allegation as alleged in the original indictment. He claims the State failed to prove that the park was "owned by [the] City of Conroe" and "located at 600 York, Conroe, Montgomery County, Texas[,]" as alleged in the original indictment. However, after Jackson filed his appellate brief, a supplemental clerk's record was filed, which included the amended indictment. The amended indictment reflects the orally pronounced interlineation—it alleges that the defendant committed the offense within 1,000 feet of "Milltown Park, a

5

playground[.]" The charge to the jury followed the language of the orally pronounced and agreed amendment and amended indictment filed of record. Jackson made no objection to the charge. Therefore, we overrule Jackson's argument. A written amendment was presented to the trial court, and Jackson failed to object to the charge that was submitted in accordance with the amended indictment. Jackson has waived any objection to the charge. *See* Tex. R. App. P. 33.1. Furthermore, as amended, the indictment alleges sufficient facts necessary to establish all the material elements of the offense charged. *See Garcia v. State*, 981 S.W.2d 683, 685 (Tex. Crim. App. 1998).

In the alternative, Jackson argues this Court should find there was insufficient evidence to support the drug-free zone finding and this Court should reverse and render for a new punishment hearing on the lesser charge of a state jail felony. The State was required to prove that Jackson intentionally and knowingly possessed the stated quantity of cocaine within 1,000 feet of "Milltown Park, a playground[.]" Jackson does not challenge the sufficiency of the evidence to support possession. Rather he challenges the sufficiency of the evidence to support the finding that he committed the offense in a drug-free zone. We review a sufficiency of the evidence issue, regardless of whether it is a legal or factual sufficiency claim, under the standard of review set forth in *Jackson v. Virginia*,

443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found, beyond a reasonable doubt, that appellant committed the offense. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We afford almost complete deference to the jury's determinations of credibility and resolve any inconsistencies in the evidence in favor of the verdict. *See Jackson*, 443 U.S. at 326; *Lancon v. State*, 253 S.W.3d 699, 705-07 (Tex. Crim. App. 2008).

Officer Sean Kennard with the Conroe Police Department testified for the State. He stated that he frequently patrols Milltown Park in Montgomery County because it is a "high crime area" with "mostly drug use in [the] particular parking area surrounding it." According to Officer Kennard, the park is not on the premises of a school, is located "at the end of West Avenue G, the 600 block of Avenue G[,]" and has "a few swings, a slide, [a] basketball court[,]" and "[a] few other playing objects." A photo of an aerial view of the park and a photo depicting the park's entrance and a "Milltown Park" sign were admitted into evidence. Officer Kennard testified that the park is generally open to the public. Two photos depicting a sign posted by the City of Conroe Parks and Recreation Department were admitted into evidence. The sign is labeled "General Park Rules[,]" and

7

provides park hours and rules. Photos of the park were admitted into evidence and show at least three swing sets or play sets on which children could play. Officer Kennard testified that the park is intended for recreation and that three of the photographs admitted depict a "monkey bar" set, a "swing set[,]" and another completely separate swing set. According to Officer Kennard, there are three or more "play stations" in Milltown Park. One of the photographs admitted depicted all three of the play sets and Kennard indicated that the play sets are in the same vicinity.

While on foot patrol on July 17, 2012, Officer Kennard saw Jackson riding a bicycle and entering Milltown Park. According to Officer Kennard, as soon as he and Jackson made eye contact, Jackson "turned around and headed back toward Avenue G where he was coming from." Officer Kennard "yelled for him to stop" and Jackson dropped what "looked to be a pill bottle or a small capsule of some kind" from his right hand.

Officer Kennard testified that he estimated the distance from where he saw Jackson drop the bottle to the closest piece of playground equipment was "possibly 25 or 30 yards." According to Officer Kennard, Jackson was actually on the park premises at the point he dropped the bottle and "much closer" than within 1,000 feet of the nearest piece of playground equipment.

8

Officer Kennard requested backup assistance from law enforcement. While he waited for assistance, Officer Kennard kept his eye on the bottle Jackson dropped. When another officer arrived shortly thereafter, Officer Kennard had the officer watch Jackson while Officer Kennard retrieved the bottle. Inside the bottle was a "small, white, rock-like substance" that Officer Kennard recognized as cocaine. He used a field test kit and confirmed the substance was cocaine and placed Jackson under arrest. Lab results subsequently confirmed that the retrieved substance was .31 grams of cocaine.

As the factfinder, the jury was the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given the testimony. *Brooks*, 323 S.W.3d at 899; *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008). The jury was free to believe or disbelieve all or any part of the testimony. *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987). We conclude a rational jury could have determined beyond a reasonable doubt that Jackson committed the offense in a drug-free zone as alleged in the amended indictment. We overrule issue two. Having overruled both of Jackson's issues, we affirm the trial court's judgment.

AFFIRMED.

                                      _____

                                           LEANNE JOHNSON
                                               Justice

Submitted on September 19, 2014
Opinion Delivered November 12, 2014
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.